WARREN COUNTY BAR ASSOCIATION *v.* LIESER.

[Cite as *Warren Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488.]

(No. 97–809—Submitted June 11, 1997—Decided September 24, 1997.)

*Rachel A. Hutzel,* for relator.

*Per Curiam.* We approve the findings of fact, conclusions of law, and recommendation of the board. In each of these four instances, respondent received a retainer and then neglected the legal matter entrusted to him. In *Disciplinary Counsel v. Sigall* (1984), 14 Ohio St.3d 15, 17, 14 OBR 320, 321, 470 N.E.2d 886, 888, we found that such a practice was "tantamount to theft of that fee from the client."

When we have found repeated failures to carry out entrusted legal matters, we have imposed the sanction of an indefinite suspension from the practice of law. *Toledo Bar Assn. v. Anderson* (1991), 62 Ohio St.3d 209, 580 N.E.2d 1095. We believe that this sanction is especially fitting in situations such as this where neglect of a legal matter is coupled with a failure to cooperate in the ensuing disciplinary investigation. Cf. *Columbus Bar Assn. v. Blankenship* (1996), 74 Ohio St.3d 586, 660 N.E.2d 1141; *Disciplinary Counsel v. Leibold* (1990), 53 Ohio St.3d 128, 559 N.E.2d 749. We have imposed an indefinite suspension even where an attorney who exhibited a pattern of neglect of client matters finally cooperated with the investigation by the grievance committee. *Akron Bar Assn. v. Snyder* (1997), 78 Ohio St.3d 57, 676 N.E.2d 504.

Here, respondent completely neglected his clients' interests and totally failed to cooperate with disciplinary investigations; hence, we impose an indefinite suspension. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.