[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 488.]

WARREN COUNTY BAR ASSOCIATION *v*. LIESER.

[Cite as *Warren Cty. Bar Assn. v. Lieser*, 1997-Ohio-161.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglecting entrusted legal matters—Failure to cooperate with disciplinary investigation.*

(No. 97-809—Submitted June 11, 1997—Decided September 24, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-116.

_____

{¶ 1} On December 9, 1996, relator, Warren County Bar Association, filed a four-count complaint charging respondent, John C. Lieser, Jr. of Lebanon, Ohio, Attorney Registration No. 0040490, with violations of several Disciplinary Rules. Specifically, relator charged in Count One that in January 1996, Paul Sanders paid respondent a $500 retainer to represent him in a divorce proceedings. Thereafter Sanders telephoned respondent's office over ten times to determine the status of his case but received no response. Sanders then wrote to respondent, informing him that he was filing a grievance with the Dayton Bar Association and demanding that respondent return the retainer. Not only did Sanders receive no reply, but respondent did not cooperate with relator's attempt to investigate Sanders's grievance.

{¶ 2} Relator charged in Count Two that in December 1992 or January 1993, Betty Thatcher paid respondent a $300 retainer to represent her in obtaining an increase in child support payments. After a hearing on January 25, 1993, at which time the court granted increased child support, opposing counsel prepared an entry that he sent to respondent for signature and filing. Respondent took no action. On June 2, 1994, a court referee ordered respondent to file the entry or Thatcher would be required to make reimbursements for overpayments of child

support. On April 22, 1996, a motion for reimbursement of child support payments was filed. Respondent has not yet filed the agreed entry and has failed to cooperate with relator in its attempt to investigate the grievance filed by Thatcher.

{¶ 3} In Count Three, relator charged that in June 1993, Sheri Gray paid respondent a $200 retainer to initiate a suit for termite damage to her home. In November 1995, respondent informed Gray that he had filed the suit, although the suit was not, in fact, filed until December 7, 1995. From June 1993 through April 1996, Gray repeatedly and unsuccessfully tried to contact respondent both by phone and by appearing personally at his office. Respondent to date has performed no discovery or otherwise prepared for the civil action. Respondent also failed to cooperate with relator in its attempt to investigate Gray's grievance.

{¶ 4} In Count Four, relator charged that in February 1995, Stephen Jones paid respondent $200 as a retainer to seek a shared parenting order. After respondent filed the appropriate motion in February 1996 and attended pretrial hearings in February and May 1996, Jones telephoned respondent approximately fifty times without success to learn the status of his case. In May 1996, opposing counsel sent respondent a letter requesting that he schedule a hearing on the motion. To date respondent has failed to contact Jones, respond to opposing counsel's letter, or schedule a hearing on the matter. Respondent has also failed to cooperate with relator in its attempt to investigate Jones's grievance.

{¶ 5} In each of these four counts, relator claimed that respondent's conduct violated DR 1-102(A)(1) (violation of a Disciplinary Rule), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-101(A)(6) (engaging in conduct that adversely reflects upon the fitness to practice law), 6-101(A)(1) (handling a legal matter for which he knows he is incompetent), 6-101(A)(2)(handling a legal matter without adequate preparation), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek the lawful

objectives of a client), 7-101(A)(2) (failing to carry out a contract of employment), and Gov.Bar R. V(4)(G) (failing to cooperate in an investigation).

{¶ 6} Attempted service of the complaint was unsuccessful, respondent's mail having been returned marked, "Moved — Left No Address." When respondent failed to file an answer, relator moved for a default judgment, attaching affidavits of investigators who attempted to contact respondent and obtain his cooperation in their investigations.

{¶ 7} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board') granted the motion for default judgment, finding the facts to be as alleged and concluding that the respondent had violated the Disciplinary Rules as charged. The panel recommended that respondent be indefinitely suspended. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Rachel A. Hutzel*, for relator.

———————————

*Per Curiam*.

{¶ 8} We approve the findings of fact, conclusions of law, and recommendation of the board. In each of these four instances, respondent received a retainer and then neglected the legal matter entrusted to him. In *Disciplinary Counsel v. Sigall* (1984), 14 Ohio St.3d 15, 17, 14 OBR 320, 321, 470 N.E.2d 886, 888, we found that such a practice was "tantamount to theft of that fee from the client."

{¶ 9} When we have found repeated failures to carry out entrusted legal matters, we have imposed the sanction of an indefinite suspension from the practice of law. *Toledo Bar Assn. v. Anderson* (1991), 62 Ohio St.3d 209, 580 N.E.2d 1095. We believe that this sanction is especially fitting in situations such as this where neglect of a legal matter is coupled with a failure to cooperate in the ensuing

disciplinary investigation. Cf. *Columbus Bar Assn. v. Blankenship* (1996), 74 Ohio St.3d 586, 660 N.E.2d 1141; *Disciplinary Counsel v. Liebold* (1990), 53 Ohio St.3d 128, 559 N.E.2d 749. We have imposed an indefinite suspension even where an attorney who exhibited a pattern of neglect of client matters finally cooperated with the investigation by the grievance committee. *Akron Bar Assn. v. Snyder* (1997), 78 Ohio St.3d 57, 676 N.E.2d 504.

{¶ 10} Here, respondent completely neglected his clients' interests and totally failed to cooperate with disciplinary investigations; hence, we impose an indefinite suspension. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————