**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 8.]**

**WARREN COUNTY BAR ASSOCIATION *v.* LIESER.**

**[Cite as *Warren Cty. Bar Assn. v. Lieser*, 1998-Ohio-361.]**

*Attorneys at law—Misconduct—Disbarment—Continued pattern of neglect of client matters coupled with failure to cooperate in disciplinary investigation.*

(No. 97-2639—Submitted February 18, 1998—Decided May 13, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-40.

_____

{¶ 1} On April 14, 1997, relator, Warren County Bar Association, filed a two-count complaint charging that respondent, John C. Lieser, Jr. of Lebanon, Ohio, Attorney Registration No. 0040490, violated several Disciplinary Rules. Relator alleged in one count that after respondent was appointed guardian of the estate of Gerald P. Koller in November 1995, he failed to make mortgage payments on the estate's real property. As a result, foreclosure proceedings were commenced and the probate court was required to appoint a guardian *ad litem* to protect Koller's interests. While guardian, respondent also failed to make payments on Koller's car, with the result that it was repossessed. After respondent was finally removed as guardian of Koller's estate, he failed to file a complete accounting, and some funds of the estate remain missing. Respondent did not reply to relator's repeated attempts to investigate the Koller estate matter.

{¶ 2} In another count, relator alleged that in October 1996, Kathy Pittman paid respondent $250 to represent her in divorce proceedings. Despite respondent's assurances that a divorce complaint had been filed on her behalf, Pittman later learned that no complaint had been filed.

{¶ 3} The Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") was unsuccessful in its attempt to serve the complaint on respondent at his last known address. On April 24, 1997, the board served the complaint upon the Clerk of the Supreme Court as authorized by Gov.Bar R. V(11)(B). Respondent filed no answer, and on July 18, 1997, relator filed a motion for a default judgment.

{¶ 4} A panel of the board heard the matter. Based on the complaint, the motion, and attached exhibits, the panel found the facts as alleged. With respect to the Pittman matter, the panel concluded that respondent had violated DR 6-101(A)(3) (neglecting an entrusted legal matter), and 7-101(A)(1) (failing to seek the lawful objectives of a client), and 7-101(A)(2) (failing to carry out a contract of employment). With respect to the guardianship of Koller, the panel concluded that respondent had violated DR 6-101(A)(1) (handling a legal matter that the lawyer is not competent to handle), 6-101(A)(3), 7-101(A)(1), (2), and (3) (prejudicing or damaging a client during the course of the professional relationship), 7-102(A)(5) (7-102[A][1] in the panel's conclusions) (knowingly making a false statement of law or fact), and 9-102(A)(2) (failure to preserve the funds and property of a client). The panel also concluded that by failing to cooperate in the investigation of a disciplinary proceeding, respondent had violated Gov.Bar R. V(4)(G).

{¶ 5} The board adopted the findings, conclusions, and recommendation of the panel. The panel had recommended that respondent be disbarred.

_____

*Rachel A. Hutzel* and *Thomas T. Cole*, for relator.

_____

**Per Curiam.**

{¶ 6} We accept the findings, conclusions, and recommendation of the board. We note that on September 24, 1997, we indefinitely suspended respondent from the practice of law for different misconduct — respondent accepted retainers

and then neglected the legal matters entrusted to him. *Warren Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488, 683 N.E.2d 1148. Respondent's continued pattern of neglect of client matters coupled with his failure to cooperate with relator in its investigation indicates that respondent will not conform to the required ethical standards. Such conduct warrants disbarment. Respondent is hereby disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____