CLEVELAND BAR ASSOCIATION *v.* ROLLINS.

[Cite as *Cleveland Bar Assn. v. Rollins* (1999), 84 Ohio St.3d 408.]

(No. 98–1307—Submitted August 19, 1998—Decided January 27, 1999.)

410

*Daniel W. Hammer* and *Kevin M Magnuson*, for relator.

*J. Michael Drain*, for respondent.

---

**Per Curiam..** We adopt the findings and conclusions of the board. Neglect of legal matters and a failure to cooperate in the ensuing investigation have generally warranted an indefinite suspension. *Warren Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488, 683 N.E.2d 1148, and cases cited therein; *Akron Bar Assn. v. Barnett* (1997), 80 Ohio St.3d 269, 685 N.E.2d 1230; *Disciplinary Counsel v. Boykin* (1998), 82 Ohio St.3d 100, 694 N.E.2d 899. In this case, mindful of the fact that respondent's clients suffered little, if any, damage, we adopt the recommendation of the board. Respondent is hereby suspended from the practice of law for one year.

Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

Cook and Lundberg Stratton, JJ., dissent.

---

Cook, J., dissenting. I would impose the sanction of indefinite suspension based on the recommendation of the relator.

As the board reported, "there is a pattern here of a total lapse of professional conduct. In each instance, there is an abdication of responsibility, and in each instance according to the Respondent, the fault always lay with someone or something else. The Panel, after a thorough review * * *, found reference after reference of carefully worded statements made by the Respondent confessing and/or avoiding his responsibility. The Panel was impressed with the elocution, but not impressed with the substance. * * * The Respondent's statements in mitigation are at best lame excuses rather than valid reasons."

Lundberg Stratton, J., concurs in the foregoing dissenting opinion.