[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 336.]

TOLEDO BAR ASSOCIATION *v.* HAYES.

[Cite as *Toledo Bar Assn. v. Hayes*, 1999-Ohio-375.]

*Attorneys at law—Misconduct—Indefinite suspension—Pattern of neglecting entrusted legal matters—Failure to cooperate in disciplinary investigations.*

(No. 98-2661—Submitted February 10, 1999—Decided April 7, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-91.

———————————

{¶ 1} On May 14, 1998, relator, Toledo Bar Association, filed a second amended complaint charging respondent, William F. Hayes of Maumee, Ohio, Attorney Registration No. 0023905, with violating several Disciplinary Rules and a Rule for the Government of the Bar. Respondent failed to answer, and relator filed a motion for default judgment. The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on the complaint, motion, and attached exhibits.

{¶ 2} The panel found that in August 1996, Joseph Stanfa paid respondent $500 to represent him on a breach of contract claim. Despite assurances that he would file a complaint, respondent took no action on behalf of Stanfa and failed to respond to Stanfa's repeated telephone calls and messages. When Stanfa discharged respondent and requested return of his file and $500 retainer, respondent did not comply. And when Stanfa filed a grievance, respondent failed to respond to relator's investigator. Respondent eventually returned the $500 retainer to Stanfa, and Stanfa retained another attorney to prosecute his breach of contract claim.

{¶ 3} In May 1997, Ben Storer, M.D., paid respondent a $2,500 retainer to represent him on a claim arising out of damage to his airplane. Respondent filed

an action in common pleas court on Dr. Storer's behalf but subsequently dismissed it without Dr. Storer's consent and without notifying him. Despite numerous telephone calls and messages, respondent never communicated with Dr. Storer. Dr. Storer filed a grievance with relator, and respondent refused to submit a written response to the grievance and ignored relator's investigator's letters and telephone calls.

{¶ 4} In May 1996, Nicholas and Cynthia White retained respondent to represent them in their claim for damages against Ford Motor Company ("Ford"). In February 1997, following numerous unsuccessful attempts by the Whites to contact respondent, respondent advised them that Ford had made a settlement offer, but he had rejected it. The Whites told respondent that they wanted their case settled as soon as possible. When further attempts to contact respondent failed, the Whites called Ford and discovered that Ford had made another settlement offer that respondent had not communicated to them. The Whites left messages with respondent urging him to accept Ford's second settlement offer, but he did not respond to the messages or accept the offer. Respondent did not submit a written response or otherwise communicate with relator's investigator concerning the grievance filed against him by the Whites.

{¶ 5} In January 1997, Olin Coutcher retained respondent to represent him regarding criminal charges arising out of a motor vehicle accident. At respondent's request, Coutcher provided several documents to him. Although respondent repeatedly advised Coutcher during his trial that he would not serve any jail time, Coutcher subsequently received the maximum sentence. Coutcher and his wife then made several attempts to request that respondent return Coutcher's file, but respondent ignored their messages. After the Coutchers filed a grievance with relator, respondent failed to submit a written response or otherwise communicate with relator's investigator.

**{¶ 6}** The panel concluded that with respect to the Stanfa matter, respondent's conduct violated DR 6-101(A)(3) (neglecting an entrusted legal matter), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and Gov.Bar R. V(4)(G) (failing to cooperate in the investigation of a disciplinary proceeding). Regarding the Storer matter, the panel concluded that respondent's conduct violated DR 6-101(A)(3), 7-101(A)(2) (failing to carry out an employment contract), 1-102(A)(1) (violating a Disciplinary Rule), and Gov.Bar R. V(4)(G). The panel concluded that respondent's conduct in the White matter violated DR 6-101(A)(3), 7-101(A)(2), 1-102(A)(1), and Gov.Bar R. V(4)(G). Finally, with respect to the Coutcher matter, the panel concluded that by his conduct, respondent violated DR 6-101(A)(3), 7-101(A)(2), 1-102(A)(1), and Gov.Bar R. V(4)(G).

**{¶ 7}** In mitigation, relator submitted evidence that respondent is an alcoholic who had recently been convicted twice of driving under the influence. For his second conviction, respondent was sentenced to almost eighteen months in jail.

**{¶ 8}** The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio and that his readmission be conditioned upon his entering into and complying with the conditions of a contract with the Ohio Lawyers Assistance Program. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Williams, Jilek, Lafferty & Gallagher Co., L.P.A.,* and *David M. Mohr*; *Nathan & Roberts* and *W. David Arnold*, for relator.

_____

**_Per Curiam._**

{¶ 9} We adopt the findings, conclusions, and recommendation of the board. Respondent's pattern of neglecting entrusted legal matters coupled with his unwillingness to cooperate in related disciplinary investigations demonstrates his present unfitness to practice law and warrants an indefinite suspension from the practice of law. See *Warren Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488, 490, 683 N.E.2d 1148, 1149; *Columbus Bar Assn. v. Emerson* (1999), 84 Ohio St.3d 375, 378, 704 N.E.2d 238, 240. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Further, because of his history of alcohol abuse, any readmission to the practice of law in Ohio is conditioned upon his entering into and complying with the conditions of a contract with the Ohio Lawyers Assistance Program. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____