[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 312.]

OFFICE OF DISCIPLINARY COUNSEL *v.* SAUMER.

[Cite as *Disciplinary Counsel v. Saumer*, 1999-Ohio-107.]

*Attorneys at law—Misconduct—Indefinite suspension—Concealing assets of an estate—Neglect of an entrusted legal matter—Abandonment of an estate case—Neglecting or refusing to assist or testify in a disciplinary investigation.*

(No. 99-832—Submitted June 9, 1999—Decided August 25, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-40.

_____

{¶ 1} In June 1993, respondent, James Clark Saumer of Berea, Ohio, Attorney Registration No. 0016680, presented the will of Helen M. Zellers for probate and he and a nonattorney were appointed co-executors of the estate. In addition, respondent served as attorney for the estate in probate court. In April 1997, the probate court ordered the executors, including respondent, to file an accounting of the estate, but neither filed an account. In July 1997, the probate court removed respondent and his co-executor as executors because they had failed to file the account. The probate court then appointed another attorney as the successor administrator of the estate. Despite the successor administrator's request that respondent turn over the estate file to him, respondent never complied.

{¶ 2} In November 1997, the successor administrator filed a complaint in the probate court, claiming that respondent concealed assets belonging to the Zellers estate. In 1998, after respondent did not appear at a hearing or offer any evidence accounting for $10,904.48 missing from the decedent's estate, the probate court found him guilty of concealing estate assets and rendered judgment against him in that amount, plus penalty and interest.

**{¶ 3}** After the successor administrator filed a grievance with relator, Office of Disciplinary Counsel, relator sent three letters of inquiry by certified mail to respondent and a subpoena *duces tecum* ordering his attendance at a deposition. Although respondent received all of the letters and the subpoena, he did not respond or attend the deposition.

**{¶ 4}** On June 8, 1998, relator filed a complaint charging respondent with violating several Disciplinary Rules and a Rule for the Government of the Bar. Despite respondent's statement to relator that he would file an answer to the complaint, he did not, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on relator's motion for default judgment.

**{¶ 5}** The panel found the facts as previously discussed and concluded that respondent's conduct violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law), 2-110(A)(2) (withdrawing from employment without taking reasonable steps to avoid foreseeable prejudice to rights of client, including delivering to the client all papers and property to which the client is entitled), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(2) (failing to carry out an employment contract), 7-101(A)(3) (causing prejudice or damage to client during course of professional relationship), and Gov.Bar R. V(4)(G) (neglecting or refusing to assist or testify in a disciplinary investigation).

**{¶ 6}** The panel found that there was no mitigating evidence and that respondent had merely advised relator that he had not responded because he was too busy with other cases to attend to the estate and disciplinary matters. The panel further found that the successor administrator had reported that respondent had abandoned two other probate court estate cases.

**{¶ 7}** The panel recommended that respondent be suspended from the practice of law in Ohio for a period of two years, with the second year of the suspension stayed and respondent placed on probation, including monitoring, and further conditioned upon respondent's full cooperation in the resolution of the estates he had abandoned. The board adopted the findings and conclusions of the panel, but instead recommended that respondent be indefinitely suspended from the practice of law in Ohio.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *John K. McManus*, Assistant Disciplinary Counsel, for relator.

_____

*Per Curiam.*

**{¶ 8}** We adopt the findings, conclusions, and recommendation of the board. Generally, neglect of legal matters and a failure to cooperate in the ensuing investigation warrant an indefinite suspension. *Cleveland Bar Assn. v. Rollins* (1999), 84 Ohio St.3d 408, 410, 704 N.E.2d 1210, 1211. There are no circumstances that require a departure from the foregoing rule in this case. As the board concluded, respondent's concealment of assets, neglect, and abandonment of the estate case compounded by his total lack of cooperation with and respect for the disciplinary process require an indefinite suspension. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____