**[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 547.]**

CUYAHOGA COUNTY BAR ASSOCIATION *v.* MUHLBACH.

[Cite as *Cuyahoga Cty. Bar Assn. v. Muhlbach*, 1999-Ohio-192.]

*Attorneys at law—Misconduct—One-year suspension—Neglect of an entrusted legal matter—Failing to carry out contract of employment—Failing to cooperate in disciplinary investigation.*

(No. 99-808—Submitted June 9, 1999—Decided September 8, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-39.

_____

{¶ 1} Carol Oakar retained respondent, P. Michael Muhlbach of Parma, Ohio, Attorney Registration No. 0058412, to represent her in a wrongful-discharge matter. Respondent filed an action, but failed to file a timely response to a motion to dismiss some of Oakar's claims, and the common pleas court dismissed those claims with prejudice. Respondent later filed a second amended complaint for Oakar, but then failed to file a motion for default judgment when a defendant failed to file an answer. Respondent ultimately secured Oakar's consent to dismiss the remainder of the case without prejudice because the discovery cutoff date had expired, and he recommended that Oakar refile it with another attorney who was more experienced in employment law. Oakar followed respondent's advice and discharged respondent.

{¶ 2} Oakar filed a grievance with relator, Cuyahoga County Bar Association, and respondent initially failed to respond to relator's investigative inquiries. Respondent, however, subsequently appeared for a deposition conducted by relator.

{¶ 3} On August 25, 1998, relator filed an amended complaint charging respondent with violating several Disciplinary Rules and Gov.Bar R. V(4)(G) in

connection with his representation of Oakar and his representation of two other clients. In September 1998, in a separate disciplinary matter, we suspended respondent from the practice of law for six months with the suspension stayed and respondent placed on probation, conditioned on no further disciplinary complaints being certified against respondent during the six-month probationary period. *Medina Cty. Bar Assn. v. Muhlbach* (1998), 83 Ohio St.3d 224, 699 N.E.2d 459.

{¶ 4} The matters raised by the August 1998 amended complaint were submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on relator's motion for default judgment. The panel found the facts as previously set forth regarding the Oakar matter and subsequent disciplinary investigation, and dismissed the charges relating to respondents' other clients. The panel concluded that respondent's conduct violated DR 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(2) (failing to carry out an employment contract), and Gov.Bar R. V(4)(G) (failing to cooperate with a disciplinary investigation). The panel also noted that respondent did not violate his probation in his separate disciplinary case because the amended complaint in this case was certified before the onset of his six-month probationary period.

{¶ 5} The panel recommended that respondent be suspended from the practice of law in Ohio for one year with six months of the suspension stayed upon conditions. The board adopted the findings and conclusions of the panel, but because of his prior disciplinary record, recommended that respondent be suspended for the entire one-year period without any stay.

———————————

*Nancy J. Fleming; Weston, Hurd, Fallon, Paisley & Howley* and *Christopher M. Ernst; McCafferty & Perlman Co., L.P.A.*, and *Robert Steely*, for relator.

———————————

***Per Curiam.***

{¶ 6} We adopt the findings, conclusions, and recommendation of the board. Although neglect of legal matters and a failure to cooperate in the ensuing disciplinary investigation normally warrant an indefinite suspension, a one-year suspension is appropriate here given the isolated nature of the neglect, the lack of evidence of substantial damage to his client, and respondent's eventual cooperation with relator's investigation. See, *e.g., Cleveland Bar Assn. v. Rollins* (1999), 84 Ohio St.3d 408, 410, 704 N.E.2d 1210, 1211-1212. Respondent is hereby suspended from the practice of law in Ohio for one year. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————