[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 542.]

CLERMONT COUNTY BAR ASSOCIATION *v.* COMPTON.

[Cite as *Clermont Cty. Bar Assn. v. Compton*, 1999-Ohio-193.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Failing to cooperate in a disciplinary investigation.*

(No. 99-809—Submitted June 9, 1999—Decided September 8, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-42.

_____

{¶ 1} In August 1996, Donna M. Pruchnowski retained respondent, Ross H. Compton, Jr. of Cincinnati, Ohio, Attorney Registration No. 0051214, to increase the child support for her two children. Despite repeated representations to the contrary, respondent did not file anything until nearly a year later. Pruchnowski filed grievances with relator, Clermont County Bar Association, and respondent did not cooperate with relator's investigation of the grievances.

{¶ 2} On June 8, 1998, relator filed a complaint charging respondent with violating several Disciplinary Rules and a Rule for the Government for the Bar. After respondent failed to answer, relator moved for a default judgment pursuant to Gov.Bar R. V(6)(F). The hearing panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") then sent respondent notice of its intent to grant the motion if no answer was filed within ten days, but respondent again failed to file an answer. The matter was then submitted for determination by the panel.

{¶ 3} The panel found the facts as alleged and concluded that respondent's conduct violated DR 6-101(A)(3) (neglecting an entrusted legal matter), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or

misrepresentation), and Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation). The panel recommended that respondent be indefinitely suspended from the practice of law, with his readmission conditioned upon his making full and complete restitution to Pruchnowski. The board adopted the findings of fact, conclusions of law, and recommendation of the panel.

———————————

*Paul R. Yelton*, for relator.

———————————

*Per Curiam.*

{¶ 4} We adopt the findings, conclusions, and recommendation of the board. " '[W]hen an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1-102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time.' " *Cleveland Bar Assn. v. Knowlton* (1998), 81 Ohio St.3d 76, 78, 689 N.E.2d 538, 539, quoting *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240. An indefinite suspension is the appropriate sanction here given respondent's repeated misrepresentations, neglect of a legal matter, and failure to cooperate in the ensuing disciplinary investigation. See *Warren Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488, 490, 683 N.E.2d 1148, 1149. Respondent is hereby indefinitely suspended from the practice of law in Ohio, and any readmission is conditioned upon his making complete restitution to Pruchnowski. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————