[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 211.]

AKRON BAR ASSOCIATION *v.* SNYDER.

[Cite as *Akron Bar Assn. v. Snyder*, 1999-Ohio-34.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglecting an entrusted legal matter—Failing to promptly notify client of receipt of funds—Failing to cooperate in a disciplinary investigation—Failing to promptly pay or deliver funds to a client upon request—Current charges occurred at the same time as those involved in previous disciplinary case which resulted in an indefinite suspension.*

(No. 99-1165—Submitted August 25, 1999—Decided November 10, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-21.

————————————

{¶ 1} On February 18, 1997, relator, Akron Bar Association, filed a complaint charging respondent, Scott W. Snyder of Canal Fulton, Ohio, Attorney Registration No. 0030089, with violating several Disciplinary Rules. After being served, respondent failed to file an answer, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on relator's motion for a default judgment and attached exhibits.

{¶ 2} The panel found that Bonnie Shalhoub retained respondent in connection with a debt collection matter. Respondent settled the dispute, and the debtor agreed to make payments to Shalhoub through respondent. Respondent deducted his one-third contingent fee and forwarded four payments in 1992 and three payments in 1993 to Shalhoub. Respondent then stopped transmitting further payments, although he owed Shalhoub $3,064. Despite numerous attempts to contact respondent, Shalhoub did not hear from him after she received a check from him in October 1993. In 1996, Shalhoub filed a grievance with relator, and

respondent failed to respond to telephone calls and letters during relator's investigation of the grievance. According to the panel, the Clients' Security Fund awarded Shalhoub $1,352.46 based on respondent's misconduct.

{¶ 3} The panel further found that Mary Conner paid respondent a $1,500 retainer to probate her mother's estate. Respondent never filed an inventory and never paid estate taxes despite Conner's delivery of a check to him to pay those taxes. The probate court removed respondent as counsel for the estate, and Conner retained another attorney to complete the administration of the estate. After Conner filed a grievance with relator, respondent failed to respond to relator's telephone calls and letters during its investigation of the grievance. Conner requested reimbursement of $1,895.68 from the Clients' Security Fund.

{¶ 4} In mitigation, the panel found that from 1994 to 1996, respondent had been treated by a psychiatrist after his father's death in March 1993. The panel noted that we had previously indefinitely suspended respondent from the practice of law in Ohio for conduct occurring at the same time as the charges here. *Akron Bar Assn. v. Snyder* (1997), 78 Ohio St.3d 57, 676 N.E.2d 504.

{¶ 5} The panel concluded that respondent's conduct in the Shalhoub matter violated DR 6-101(A)(3) (neglecting an entrusted legal matter), 9-102(B)(1) (failing to promptly notify client of receipt of her funds), and Gov.Bar R. V(4)(G) (failing to cooperate in a disciplinary investigation). For the Conner matter, the panel concluded that respondent's conduct violated DR 6-101(A)(3), 9-102(B)(4) (failing to promptly pay or deliver funds to a client upon request), and Gov.Bar R. V(4)(G). The panel recommended that because these charges occurred at the same time as those involved in respondent's previous disciplinary case, respondent should be indefinitely suspended from the practice of law. The panel also recommended that respondent should make restitution to his clients and the Clients' Security Fund. The board adopted the findings, conclusions, and recommendation of the panel.

---

*Amer Cunnigham Brennan Co., L.P.A.*, and *John C. Weisensell; Michael C. Scanlon; Stark & Knoll Co., L.P.A.*, and *Michael L. Stark*, for relator.

---

*Per Curiam.*

{¶ 6} We adopt the findings, conclusions, and recommendation of the board. Neglect of legal matters and a failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio. *Cleveland Bar Assn. v. Rollins* (1999), 84 Ohio St.3d 408, 410, 704 N.E.2d 1210, 1211. The board properly noted that the misconduct charged in the complaint occurred in the same period of time as the charges involved in respondent's previous disciplinary case, which resulted in an indefinite suspension, and that these new charges did not require a significantly different sanction. See, *e.g., Cuyahoga Cty. Bar Assn. v. Jaynes* (1993), 66 Ohio St.3d 245, 246, 611 N.E.2d 807, 808. Respondent is hereby indefinitely suspended from the practice of law in Ohio and is ordered to make full restitution to his clients, Shalhoub and Conner, and to the Clients' Security Fund. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

---

**COOK, J., dissenting.**

{¶ 7} In view of the aggravating factor of respondent's prior discipline, I would disbar.

---