[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 304.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* MEROS.

[Cite as *Cuyahoga Cty. Bar Assn. v. Meros*, 2000-Ohio-158.]

*Attorneys at law—Misconduct—Permanent disbarment—Continued pattern of neglect of client matters—Failure to cooperate with disciplinary investigation—Prior disciplinary record.*

(No. 99-2261—Submitted April 11,  2000—Decided July 12, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-105.

_____

{¶ 1} On August 25, 1998, relator, Cuyahoga County Bar Association, filed an amended complaint charging respondent, Thomas L. Meros of Cleveland, Ohio, Attorney Registration No. 0005345, with disciplinary violations in seven separate matters.

{¶ 2} Unable to locate respondent, relator served notice of filing the amended complaint on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B).  When respondent failed to answer, relator filed a motion for default judgment.

{¶ 3} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") considered the matter and found that since 1991, respondent had failed to represent several clients adequately.  In January 1991, respondent contacted Margaret Stychno's attorney and offered to help with Stychno's pending legal malpractice case, stating that he had "dirt" on one of the defendants.  Shortly thereafter, respondent entered his appearance for Stychno without her knowledge or prior permission, and Stychno's original attorney withdrew from the case.  In February 1991, the defendants' motion to dismiss the malpractice case was granted.  Respondent, however, did not tell Stychno of the

dismissal and avoided meeting with her despite the several attempts she made to contact him. Two weeks before the scheduled trial date, respondent informed Stychno that he was preparing for trial. In August 1991, respondent finally told Stychno of the dismissal on the day the trial was to begin.

{¶ 4} The panel further found that Gordon McCarthy paid respondent $10,000 and orally agreed to pay a further contingent fee in return for filing a lawsuit in the United States District Court in Massachusetts. After the suit was dismissed on a motion for summary judgment, McCarthy paid respondent an additional $3,000 to file an appeal. Respondent filed a notice of appeal on May 10, 1995, but the court of appeals later dismissed the appeal for failure to file a timely brief.

{¶ 5} The panel also found that in April 1993, Karen Skinner retained respondent to represent her in the Cuyahoga County Common Pleas Court. Respondent did not prepare for trial, did not appear for depositions, did not respond to discovery orders, failed to file briefs, and did not keep Skinner informed of the progress of the case.

{¶ 6} The panel found that in May 1994, Cheri Harmon-Klein paid respondent a retainer of $2,000 to represent her in several matters. However, respondent's failure to research and document Harmon-Klein's claim against her previous employer, KPMG, which admitted owing Harmon-Klein back commissions of over $3,147, resulted in no recovery against the company. His failure to respond within time limits resulted in Harmon-Klein's case against C & S Computer Services being dropped. In September 1994, Harmon-Klein paid respondent $5,000 to file a legal malpractice claim. Respondent filed the suit, but thereafter failed to pursue the action or communicate with Harmon-Klein. Sometime in 1996, respondent dismissed Harmon-Klein's malpractice action and her suit against KPMG without her knowledge or consent. After respondent was discharged by Harmon-Klein, he failed to return the retainers as she had requested.

2

**{¶ 7}** The panel found that in March 1997, Edward Drozdowski paid respondent a retainer of $19,500 "to represent him in filing a 28 U.S.C. § 2255 action against a former attorney." (*Sic*.) Respondent filed an appropriate motion to appear *pro hac vice* in the case in the United States District Court for the Southern District of Florida; however, that court denied respondent's motion and treated the matter as though Drozdowski had proceeded *pro se*. Respondent took no further action, did not communicate with Drozdowski, and refused to return the retainer.

**{¶ 8}** In addition, the panel found that Leo A. Walter and John D. Hayes paid respondent a $1,000 retainer to represent them in the Cuyahoga County Court of Common Pleas. After respondent filed the case, he failed to appear or communicate with Walter or Hayes. The case was eventually dismissed because "Plaintiffs' counsel failed to show."

**{¶ 9}** Finally, the panel found that after respondent filed a complaint for Norman Durma in the United States District Court for the Northern District of Ohio in March 1997, he failed to contact Durma, and failed to appear at a court-ordered status conference, with the result that the court dismissed Durma's case without prejudice.

**{¶ 10}** Based on these facts, the panel concluded that in the Stychno, McCarthy, and Skinner matters, respondent violated DR 5-101(A) (a lawyer shall not accept employment where his professional judgment on behalf of his client will be affected by his own financial or personal interest), that in the Stychno matter respondent violated DR 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), and that in the McCarthy, Skinner, Harmon-Klein, Drozdowski, Walter-Hayes, and Durma matters respondent violated DR 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him).

**{¶ 11}** Finding that respondent failed to cooperate with the disciplinary investigation in the Stychno, McCarthy, Skinner, and Durma matters, the panel

concluded that in those cases respondent also violated Gov.Bar R. V(4)(G) (a lawyer shall cooperate in an investigation of attorney misconduct). The panel found no mitigating circumstances and recommended that respondent be given an indefinite suspension. The board adopted the findings and conclusions of the panel, but based on his continuing pattern of misconduct, his total lack of cooperation, and his prior disciplinary record (see 83 Ohio St.3d 222, 699 N.E.2d 458), recommended that respondent be disbarred.

———————————

*Steven M. Ott* and *Gary S. Fishman,* for relator.

———————————

***Per Curiam.***

{¶ 12} We adopt the findings of the board, except the finding that respondent brought an action under Section 2255, Title 26, U.S.Code against Drozdowski's former attorney. Such an action is in the nature of *habeas corpus* and was, in fact, brought against the United States of America. We adopt the conclusions of the board and its recommendation. Respondent's continued pattern of neglect of client matters together with his failure to cooperate with relator's investigation indicates that respondent will not conform to the ethical standards of the legal profession. See *Warren Cty. Bar Assn. v. Lieser* (1998), 82 Ohio St.3d 8, 693 N.E.2d 766. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————