[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 461.]

COLUMBUS BAR ASSOCIATION *v.* MOUSHEY.

[Cite as *Columbus Bar Assn. v. Moushey*, 2002-Ohio-4850.]

*Attorneys at law—Misconduct—Indefinite suspension—Incompetently and dishonestly representing four separate clients and then resisting efforts to investigate that professional misconduct.*

(No. 2002-0677—Submitted June 5, 2002—Decided October 2, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-59.

_____

**Per Curiam.**

{¶1} We must decide in this case whether to indefinitely suspend from the practice of law in Ohio an attorney who incompetently and dishonestly represented four separate clients and then resisted efforts to investigate that professional misconduct. The Board of Commissioners on Grievances and Discipline recommended an indefinite suspension after finding that respondent, Michael Lee Moushey of Columbus, Ohio, Attorney Registration No. 0033805, had committed numerous violations of the Code of Professional Responsibility and also violated Gov.Bar R. V(4)(G) (failing to cooperate in an investigation of misconduct). We agree that an indefinite suspension is the appropriate sanction.

{¶2} In 1997, Jeanine Lovett retained respondent to administer her husband's estate and paid him $1,250, an amount for which respondent never received the requisite probate court approval. Nearly three years later, Lovett discovered that respondent still had not initiated the probate proceeding. She confronted him, and he finally applied for authority to administer the estate. In doing so, however, respondent represented that Lovett's husband had died intestate

when he knew that her husband had executed a will. Lovett signed the application form on respondent's instruction, and he filed it in probate court.

{¶3} Because the will waived the customary fiduciary bond, respondent's misrepresentation caused Lovett to unnecessarily incur the expense of posting this bond. Respondent also misrepresented the actual value of the estate to the probate court, and he arranged for Lovett's adult children to disclaim their potential interest in the estate without ever suggesting that they might want to first consult an independent attorney. Lovett was ultimately forced to retain other counsel to complete the administration of her husband's estate, and respondent neither accounted to her for his time nor returned any of her money.

{¶4} In 2000, Carl T. Carpenter engaged respondent to obtain a capital gains tax refund from the IRS. Carpenter gave respondent all his records concerning the tax, including some original documents, and respondent agreed to amend Carpenter's filings as necessary. Carpenter did not hear back from respondent and was unable to reach him at his office. Respondent did not return Carpenter's records, some of which Carpenter could not replace or recreate, and Carpenter has since been unable to obtain his refund.

{¶5} Also in 2000, Gregory S. Wolfram was referred to respondent after another attorney withdrew as his counsel in a case before the United States Tax Court. Wolfram's former attorney forwarded to respondent $400, the amount the former attorney had been paid but had not yet earned, and Wolfram's file. Respondent initially accepted the representation, but later, he, too, withdrew. Respondent returned Wolfram's file, but he did not return any of his money even though, as far as Wolfram knows, he did nothing in the case.

{¶6} In 1998, Deborah L. Smith solicited respondent's assistance in administering her father's estate. Smith paid respondent $250 for filing fees in January 1999. Respondent did not initiate the probate proceedings until July 2000 and, in the meantime, failed to respond to Smith's repeated attempts to learn about

the status of the case. Respondent filed the inventory late, just a day before a hearing scheduled on a citation for his delay, and when he did, he misrepresented the value of appraised real estate and forged signatures for Smith, as executor, and the appraiser. Smith also expected to incur interest and penalties because respondent did not timely file the probate proceeding, and his delay prevented her from taking advantage of an opportunity to sell a parcel of property.

{¶7} Relator, Columbus Bar Association, forwarded the grievances submitted in the Lovett, Carpenter, Wolfram, and Smith matters to respondent, but he did not respond. Respondent did appear at a deposition, but he frequently represented that he could not remember significant events, and he did not produce some subpoenaed documents.

{¶8} On November 20, 2001, relator filed an amended complaint charging respondent with various violations of the Code of Professional Responsibility. Respondent was served the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R.V(6)(F)(1). A master commissioner heard the cause and found the facts as stated. He concluded that in representing Lovett, respondent had violated DR 1-102(A)(4), (5), and (6) (engaging in deceit or misrepresentation that is prejudicial to the administration of justice and that adversely reflects on an attorney's fitness to practice law); 6-101(A)(3) (neglecting an entrusted legal matter); 7-101(A)(2) and (3) (failing to carry out an employment contract and damaging client during representation); 7-102(A)(5) (knowingly making a false statement); 7-106(A) (disregarding a court rule); and 9-102(B)(4) (failing to return client's funds). In representing Carpenter, the master commissioner found that respondent had violated DR 1-102(A)(6), 6-101(A)(3), 7-101(A)(2) and (3), and 9-102(B)(4). With respect to Wolfram, the master commissioner found violations of DR 1-102(A)(6), 2-110(A)(2) (withdrawing as counsel without reasonable efforts to avoid hurting client), 6-101(A)(3), and 9-102(B)(4). And with respect to Smith, the master commissioner found violations of DR 1-102(A)(4) and (5), 6-101(A)(3),

7-101(A)(2) and (3), 7-102(A)(4) (knowingly using false evidence), and 7-102(A)(5). Respondent's failure to cooperate in the investigation of this misconduct caused the master commissioner also to find violations of DR 1-102(A)(5) and (6) and Gov.Bar R. V(4)(G).

{¶9} For this misconduct, the master commissioner recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings of fact, conclusions of law, and recommended sanction. We agree that respondent committed the cited misconduct and that an indefinite suspension is warranted.

{¶10} In determining the appropriate sanction, the board is to consider certain factors listed in BCGD Reg. 10(B) as having an aggravating impact. Of these factors, this case presents a pattern of misconduct, multiple offenses, a lack of cooperation in the disciplinary process, the refusal to acknowledge wrongdoing, client vulnerability and harm, and a failure to make restitution. The only mitigating factor is that respondent has not been professionally disciplined before now.

{¶11} "Neglect of legal matters and a failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio." *Akron Bar Assn. v. Snyder* (1999), 87 Ohio St.3d 211, 212, 718 N.E.2d 1271. In fact, we have described this sanction as "especially fitting" under these circumstances. *Disciplinary Counsel v. Henderson* (1999), 87 Ohio St.3d 219, 221, 718 N.E.2d 1277; *Warren Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488, 490, 683 N.E.2d 1148. Respondent's misconduct falls well within the boundaries of this rule, especially when coupled with the elements of dishonesty it manifests. For this reason, we order that respondent be indefinitely suspended from the practice of law. Costs are taxed to respondent.

Judgment accordingly.

January Term, 2002

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Joseph R. Cook; Buckingham, Doolittle & Burroughs, L.L.P., and Joel H. Mirman; and Jill M. Snitcher McQuain, Assistant Bar Counsel, for relator.

————————————