CINCINNATI BAR ASSOCIATION *v.* LEAHR.

[Cite as *Cincinnati Bar Assn. v. Leahr,* 114
Ohio St.3d 481, 2007-Ohio-4263.]

(No. 2007–0738—Submitted June 6, 2007—Decided August 29, 2007.)

**Per Curiam.**

{¶ 1} Respondent, David Winston Leahr of Cincinnati, Ohio, Attorney Registration No. 0065210, was admitted to the Ohio bar in 1995. For the reasons that follow, we conclude that respondent's license to practice law in Ohio should be indefinitely suspended.

{¶ 2} On October 6, 2006, relator, Cincinnati Bar Association, filed a complaint charging respondent with professional misconduct. Respondent was served with a copy of the complaint but did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion and made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

Misconduct

{¶ 3} In November 2005, Cheryl Lynn Fitzpatrick contacted respondent about the death of her father, Willie L. Fitzpatrick, for whom respondent had earlier prepared a living will and other documents. Respondent asked Cheryl to send

him a certified copy of her father's death certificate and will. She delivered those documents to respondent on November 28, 2005.

{¶ 4} In December 2005, respondent sent Cheryl some documents to sign so that he could apply for letters of authority to administer Willie Fitzpatrick's estate. Cheryl signed the documents and returned them to respondent with a $225 check for filing fees. Cheryl later spoke with respondent, who assured her that he had all of the paperwork needed to begin the probate process for her father's estate.

{¶ 5} Between January 1, 2006, and February 20, 2006, Cheryl left at least six voice-mail messages for respondent and three additional messages with staff members at his office. Respondent failed to return any of those calls.

{¶ 6} By late February 2006, Cheryl had lost confidence in respondent because of his failure to communicate with her. On February 25, 2006, she sent a certified letter to respondent discharging him from any further participation in the administration of her father's estate. The letter asked respondent to return the case file to Cheryl, along with her father's death certificate and will. Respondent did not answer the letter or respond to Cheryl's requests for the file, the original documents, or a final accounting of respondent's services.

{¶ 7} Respondent did not maintain professional-liability insurance while representing Cheryl Fitzpatrick and did not notify her about his lack of insurance coverage.

{¶ 8} Cheryl subsequently hired attorney James W. Ahlrichs to represent her in the administration of her father's estate. Ahlrichs made several unsuccessful attempts to contact respondent about the case file and the documents in respondent's possession.

{¶ 9} Respondent also failed to reply when relator sent written inquiries to his office and home addresses about the grievance filed by Cheryl Fitzpatrick. After relator's investigator visited respondent's office and learned that respondent had not been there for several months, the investigator left a voice-mail message for respondent. On June 14, 2006, respondent returned the call and promised that he would deliver the Fitzpatrick case file to the investigator the following day. Respondent failed to deliver the file as promised.

{¶ 10} Respondent did appear to give testimony in August 2006, however, after relator served a deposition subpoena on him. Respondent appeared in the Hamilton County Probate Court that same day to surrender Willie Fitzpatrick's will and death certificate.

{¶ 11} We agree with the board that respondent's actions violated the following Disciplinary Rules: DR 1–104(A) (requiring an attorney to disclose to clients that he does not carry professional-liability insurance), 6–101(A)(3) (barring a lawyer

from neglecting an entrusted legal matter), and 9–102(B)(4) (requiring prompt delivery to the client of the client's funds or other property in the lawyer's possession), as well as Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation).

### Sanction

{¶ 12} Relator recommended that respondent be indefinitely suspended from the practice of law. The panel and the board agreed with that recommendation. Respondent has filed no objections to the board's findings or recommendation.

{¶ 13} In imposing a sanction for attorney misconduct, we consider the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). One aggravating factor was noted by the board: respondent's lack of cooperation in the disciplinary process. BCGD Proc.Reg. 10(B)(1)(e). The board also identified one mitigating factor: the absence of any prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a).

{¶ 14} After weighing the aggravating and mitigating factors in this case, we agree with the board that respondent should be indefinitely suspended from the practice of law. Respondent testified at his deposition that he had experienced a "stress-related disorder" that left him "generally unable to function" as a lawyer. Respondent's neglect of Cheryl Fitzpatrick's case and his failure to respond to relator's inquiries about Fitzpatrick's grievance raise concerns about his willingness and ability to provide to other clients and his colleagues in the profession the kind of diligence and courtesy that they should expect.

{¶ 15} The board's recommended sanction is similar to those that we have imposed in other cases. See, e.g., *Columbus Bar Assn. v. Harris,* 108 Ohio St.3d 543, 2006-Ohio-1715, 844 N.E.2d 1202, ¶ 22 ("[a]s we have routinely explained, neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law"); *Disciplinary Counsel v. Henderson* (1999), 87 Ohio St.3d 219, 221, 718 N.E.2d 1277 ("[t]he sanction of an indefinite suspension from the practice of law 'is especially fitting * * * where neglect of a legal matter is coupled with a failure to cooperate in the ensuing disciplinary investigation' ", quoting *Warren Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488, 490, 683 N.E.2d 1148).

{¶ 16} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

484

William E. Clements and Richard H. Johnson, for relator.