DISCIPLINARY COUNSEL *v.* SIEHL.

[Cite as *Disciplinary Counsel v. Siehl,* 123 Ohio St.3d 480, 2009-Ohio-5936.]

*Attorneys at law — Misconduct — Failure to act with reasonable diligence and promptness in representing a client — Failure to communicate with a client — Failure to cooperate in disciplinary proceeding — Indefinite suspension.*

(No. 2009-1233 — Submitted September 2, 2009 — Decided November 18, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-089.

_____

**Per Curiam**.

{¶ 1} Respondent, Andrew Fraser Siehl of Eaton, Ohio, Attorney Registration No. 0065173, was admitted to the practice of law in Ohio in 1995. The Board of Commissioners on Grievances and Discipline now recommends that we indefinitely suspend respondent's license to practice, based on findings that he deserted an incarcerated client seeking postconviction relief and then failed to respond during the ensuing disciplinary investigation. We accept the board's findings that respondent violated ethical standards incumbent on lawyers in this state and the board's recommendation for an indefinite suspension of respondent.

{¶ 2} Relator, Disciplinary Counsel, charged respondent with two counts of professional misconduct, mainly involving violations of the Rules of Professional Conduct. Relator served respondent with notice of the complaint, but he failed to answer, and relator moved for default. See Gov.Bar R. V(6)(F). A master commissioner appointed by the board recommended that the motion be granted, making findings of fact, conclusions of law, and a recommendation for

respondent's indefinite suspension from practice. In effect granting the motion for default, the board adopted the master commissioner's findings of misconduct and recommendation.

## Misconduct

### Count I

{¶ 3} The Preble County Court of Common Pleas appointed respondent in January 2008 to represent an incarcerated client in postconviction proceedings. The client wrote to respondent that January and February, asking to discuss his case. Respondent failed without explanation to respond to his client and never filed anything on his behalf.

{¶ 4} The board found that by doing nothing for his client, respondent had violated Prof.Cond.R. 1.3 (requiring a lawyer to act diligently in representing a client) and 1.4(a)(3) (requiring a lawyer to "keep the client reasonably informed about the status of the matter") and (4) (requiring a lawyer to "comply as soon as practicable with reasonable requests for information from the client"). And because respondent failed to honor his court appointment, the board found that he had violated Prof.Cond.R. 8.4(d) (prohibiting a lawyer from engaging in "conduct that is prejudicial to the administration of justice") and (h) (prohibiting a lawyer from engaging in conduct that "adversely reflects on the lawyer's fitness to practice law"). We accept these findings of misconduct.

### Count II

{¶ 5} The client reported respondent's neglect to relator. Despite his professional duty to respond during the ensuing disciplinary investigation, respondent ignored virtually all notice of that proceeding. Respondent replied only once, when in mid-August 2008 relator's investigator personally delivered notice of the grievance to him, and respondent promised to "take care of it." The board recounted relator's efforts to obtain a suitable response during the investigation:

{¶ 6} "a. On May 30, 2008, Respondent was notified by certified mail of the April 28, 2008, grievance of [his] client. The receipt was signed on June 16, 2008, but there was no response.

{¶ 7} "b. On June 25, 2008 and July 9, 2008, further letters [of] notice [were] sent via certified mail to the address supplied by Respondent to the office of Attorney Registration at the Supreme Court. Both were returned unclaimed.

{¶ 8} "c. Regular mail notice and inquiry were sent July 22, 2008, by regular mail to which Respondent did not reply.

{¶ 9} "d. On August 14, 2008, Relator, through its investigator, personally delivered a second letter of inquiry to the Respondent with advice to respond. Respondent never responded to Disciplinary Counsel.

{¶ 10} "e. A subpoena duces tecum was served by Relator's investigator personally upon Respondent on September 9, 2008, setting an appearance on October [3], 2008. Respondent failed to appear or contact Relator."

{¶ 11} The board found that respondent had violated Prof.Cond.R. 8.1(b) (requiring a lawyer, with an exception not relevant here, to respond to "a demand for information from [a] * * * disciplinary authority") and, consequently, that he had also violated Prof.Cond.R. 8.4(d) and (h). We accept these findings of misconduct.

## Sanction

{¶ 12} In recommending a sanction for respondent's misconduct, the board consulted sanctions imposed in similar cases and considered whether aggravating or mitigating factors warrant a more severe or lenient disposition. BCGD Proc.Reg. 10(B).

{¶ 13} The board relied principally on *Disciplinary Counsel v. Boylan* (1999), 85 Ohio St.3d 115, 707 N.E.2d 465, in which we ordered a lawyer's indefinite suspension from practice. Like respondent, that lawyer neglected a client he had accepted by court appointment—he failed to file an appellate brief

and caused dismissal of the appeal—and then did not respond to investigative inquiries about the client's grievance. Noting his unacceptable indifference toward the process for policing the legal profession, we said that "an indefinite suspension from the practice of law 'is especially fitting * * * where neglect of a legal matter is coupled with a failure to cooperate in the ensuing disciplinary investigation.' " Id. at 117, quoting *Warren Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488, 490, 683 N.E.2d 1148. And as the board found, the single mitigating factor that respondent has no previous disciplinary record, BCGD Proc.Reg. 10(B)(2)(a), does not warrant a departure from *Boylan*.

**{¶ 14}** Respondent is therefore indefinitely suspended from the practice of law in Ohio. Pursuant to Gov.Bar R. V(10)(B), he may not petition for reinstatement before two years from the date of our order. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

_____