**DAYTON BAR ASSOCIATION *v*. SIEHL**.

**[Cite as *Dayton Bar Assn. v. Siehl,* 135 Ohio St.3d 261, 2013-Ohio-735.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct—Failure to respond to request for information from a disciplinary authority during an investigation—Indefinite suspension.*

(No. 2012-1691—Submitted January 9, 2013—Decided March 6, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-108.

_____

**Per Curiam**.

{¶ 1} Respondent, Andrew Fraser Siehl of Eaton, Ohio, Attorney Registration No. 0065173, was admitted to the practice of law in Ohio in 1995. On November 3, 2009, we issued an order suspending Siehl for his failure to register for the 2009-2011 biennium. *In re Attorney Registration Suspension of Siehl*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256. The Office of Attorney Services reinstated him to the practice of law on November 6, 2009. Just 12 days later, we indefinitely suspended Siehl from the practice of law in Ohio for deserting an incarcerated client who was seeking postconviction relief and then failing to respond during the resulting disciplinary investigation. *Disciplinary Counsel v. Siehl*, 123 Ohio St.3d 480, 2009-Ohio-5936, 918 N.E.2d 143.

{¶ 2} After relator, Dayton Bar Association, alleged that Siehl had failed to respond to a disciplinary investigation arising from a client's February 2010 grievance against him, a panel of the Board of Commissioners on Grievances and Discipline found that probable cause existed for the filing of a formal complaint against him. Accordingly, on December 5, 2011, relator filed a complaint.

Certified-mail service was attempted but returned unclaimed. The board then served the complaint on the clerk of the Supreme Court on January 9, 2012, pursuant to Gov.Bar R. V(11)(B).

{¶ 3} Siehl did not answer the complaint, and on July 9, 2012, relator moved for default. In support of its motion, relator submitted the affidavit of its investigator, Cheryl A. Bennett. Bennett avers that she attempted to contact Siehl at three separate addresses, including two former addresses and one current address—135 Camden Road, Eaton, Ohio 45320. The mail sent to the former addresses was returned, but the mail sent to the current address was not. Knowing that Siehl was a member of the Eaton City Council, relator left messages with that entity but received no response. Siehl did not respond to a request for him to appear before relator's certified grievance committee to explain his failure to cooperate.

{¶ 4} A master commissioner appointed by the board found that Siehl failed to respond to relator's attempts to communicate with him, thereby violating Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation). Citing Siehl's prior disciplinary record and lack of cooperation in the present disciplinary investigation, *see* BCGD Proc.Reg. 10(B)(1)(a) and (e), and the absence of any mitigating factors, the master commissioner adopted relator's recommendation that Siehl be permanently disbarred from the practice of law in Ohio.

{¶ 5} The board adopted the master commissioner's findings of fact and misconduct but recommends that we impose a second indefinite suspension to run consecutively to the suspension we imposed in 2009.

{¶ 6} We adopt the board's recommendation and hereby indefinitely suspend Andrew Fraser Siehl from the practice of law in Ohio. This suspension shall commence on the date of this opinion and order. Costs are taxed to Siehl.

Judgment accordingly.

PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., dissents and would disbar respondent.

_____

James M. Thorson Jr., for relator.

_____