**[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 139.]**

TOLEDO BAR ASSOCIATION *v.* POMMERANZ.

**[Cite as *Toledo Bar Assn. v. Pommeranz*, 2001-Ohio-1301.]**

*Attorneys at law—Misconduct—One-year suspension with six months stayed—*
*Monitoring—Neglect of an entrusted legal matter—Failing to seek lawful*
*objectives of client.*

(No. 01-387—Submitted April 25, 2001—Decided August 15, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 00-27.

_____

*Per Curiam.*

{¶ 1} In 1996, Yvonne Mills retained respondent, Melvin R. Pommeranz of
Toledo, Ohio, Attorney Registration No. 0031840, to represent her in recouping
from her former husband past-due child support for medical bills for one of her
children. On September 24, 1997, the action brought by respondent on behalf of
Mills resulted in a consent agreement being read into the record of the Lucas
County Common Pleas Court, Division of Domestic Relations. The agreement
provided that the former husband would pay Mills $4,000 and that he would pay
the child support arrearage by paying an additional $40 per week. Respondent
failed to file an entry journalizing the agreement, and Mills's action was dismissed
in December 1997. After he discovered the dismissal, respondent failed to take any
steps to have the matter reinstated. Mills finally employed new counsel who
eventually settled the matter. But as a result of respondent's failure to act, Mills
lost $1,200 in child support and was required to pay her new attorney $300 in fees.

{¶ 2} Based on a grievance filed by Mills, relator, Toledo Bar Association,
filed a complaint against respondent alleging that his failures to act violated several
Disciplinary Rules of the Code of Professional Responsibility. Respondent

answered and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 3} Based on testimony and stipulations submitted at a hearing on November 9, 2000, the panel found the facts as stated and concluded that respondent's conduct violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter) and 7-101(A)(1) (a lawyer shall not fail to seek the lawful objectives of a client). In mitigation, the panel found that respondent admitted his failure to properly attend to Mills's case and that he had previously undergone psychological counseling for his inability to attend to all the matters of his practice. The panel recommended that respondent be suspended from the practice of law for one year with six months stayed, followed by one year of probation monitored by relator. In addition, the panel recommended that during his time of suspension and probation respondent continue psychological counseling and further that respondent pay $1,200 in restitution to Mills and $300 for the legal fees she incurred.

{¶ 4} The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 5} Having reviewed the record, we adopt the findings, conclusions, and recommendations of the board. Respondent is hereby suspended from the practice of law for one year with six months stayed, followed by one year of probation monitored by relator. In addition, during his time of suspension and probation respondent shall continue psychological counseling. Respondent shall also within ninety days of this order pay $1,200 in restitution to Mills and $300 for the legal fees she incurred. Failure of respondent to meet these conditions will result in an actual suspension of one year. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., not participating.

_____

*C. William Bair,* for relator.

*Melvin R. Pommeranz*, *pro se.*

_____