[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 169.]

OFFICE OF DISCIPLINARY COUNSEL *v*. FRANCE.

[Cite as *Disciplinary Counsel v. France*, 2001-Ohio-1298.]

*Attorneys at law—Misconduct—Two-year suspension—Respondent may apply for reinstatement in the second year in accordance with stated conditions—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct adversely reflecting on fitness to practice law—Failing to promptly notify client of receipt of funds—Failing to maintain complete records of all funds received—Failing to promptly deliver funds or property to which the client is entitled.*

(No. 01-388—Submitted April 2, 2001—Decided September 5, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-50.

_____

*Per Curiam.*

{¶ 1} On June 5, 2000, relator, Office of Disciplinary Counsel, filed a complaint charging respondent, John Stephen France of Toledo, Ohio, Attorney Registration No. 0014846, with violating five Disciplinary Rules in his representation of Patricia Weatherholtz. Respondent answered and the matter was referred for hearing to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that in 1996, while in the county jail, Patricia Weatherholtz retained respondent to defend her in a criminal trial for a flat fee of $5,000. Weatherholtz executed a power of attorney giving respondent the power to cash her monthly pension checks from Greyhound and her monthly Social Security checks. The power of attorney was not signed by Weatherholtz in respondent's presence, but was sent to respondent who later notarized it. Under

their agreement, after Weatherholtz was sentenced to a prison term respondent was to use the power of attorney to cash her checks depositing the pension fund money in his operating fund as payment toward his fee and placing the money from the Social Security check in his client trust fund account. Respondent agreed to send some of the Social Security money to Weatherholtz and to her grandson, who was also in prison.

{¶ 3} In April 1998, respondent received a letter from the Social Security Administration ("SSA") stating that because Weatherholtz was in prison she would receive no more social security checks and would be required to pay back the monies she had received while incarcerated. Respondent did not inform Weatherholtz of this letter or her responsibility to repay the money to the SSA. Nor did he respond on Weatherholtz's behalf to the SSA. After April 1998 respondent stopped sending money to Weatherholtz.

{¶ 4} When she was about to be released from prison, Weatherholtz made several unsuccessful attempts to contact respondent. When she finally did reach him, respondent informed her that the money in her accounts was almost gone and that she was responsible for making up the overpayment to the SSA. From a document that respondent sent to her in May 1998, Weatherholtz discovered that respondent had charged her account for items that she had not approved or received, including charges for a television set, and for food baskets that were not sent to her grandson. Respondent also charged Weatherholtz for a trip to Florida by an employee of respondent to pick up her belongings, which trip was never made. Respondent did not provide Weatherholtz with any receipts for the expenses he incurred, and he was unable to provide the panel with an accurate account of the disbursements he made on Weatherholtz's behalf or the amount remaining in her bank account. He admitted to the panel that because of his inadequate records he had overcharged Weatherholtz.

**{¶ 5}** The panel concluded that respondent's conduct violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), 9-102(B)(1) (a lawyer shall promptly notify a client of the receipt of funds), 9-102(B)(3) (a lawyer shall maintain complete records of all funds coming into the lawyer's possession), and 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled).

**{¶ 6}** The panel found in mitigation that respondent took full responsibility for his actions, admitting that his recordkeeping was deficient, that he was grossly negligent in handling the Weatherholtz accounts in his office, that there was a breakdown in office procedures after December 1997, and that he overcharged his client.

**{¶ 7}** The panel recommended that respondent be suspended from the practice of law for two years, with reinstatement and probation for the second year on the following conditions: (1) that he supply to relator all documents and evidence in his possession or control relating to his representation of Weatherholtz for audit by a CPA chosen by relator to determine the amount of restitution to be made to her, (2) that respondent pay restitution as determined by relator to Weatherholtz, and (3) that respondent complete six hours of continuing legal education on law office management and accounting procedures. The panel further requested that the Secretary of the Board notify the Notary Commission about respondent's violation of the notary laws.

**{¶ 8}** The board adopted the findings, conclusions, and recommendations of the panel.

**{¶ 9}** On review of the record, we adopt the findings, conclusions, and recommendation of the board.

**{¶ 10}** Respondent is hereby suspended from the practice of law for two years, but may apply for reinstatement after one year under Gov.Bar R. V(10). To be eligible for reinstatement, respondent must show that he has (1) supplied to relator all documents and evidence in his possession or control relating to his representation of Weatherholtz for audit by a CPA chosen by relator to determine the amount of restitution to be made to her, (2) paid the restitution as determined by relator, and (3) completed six hours of continuing legal education on law office management and accounting procedures. If this court grants respondent's application for reinstatement, this court's order of reinstatement shall include a one-year term of probation subject to conditions this court deems appropriate per Gov.Bar R. V(10)(E)(4). Violation of any conditions of probation may result in the reinstatement of any stayed suspension. Gov.Bar R. V(9)(E). The Secretary of the board shall notify the Notary Commission about respondent's violation of the notary laws. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Kenneth R. Donchatz*, Assistant Disciplinary Counsel, for relator.

*John Stephen France, pro se.*

---