[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 625.]

CLEVELAND BAR ASSOCIATION *v*. ALDRICH.

[Cite as *Cleveland Bar Assn. v. Aldrich*, 2001-Ohio-1887.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct adversely reflecting on fitness to practice law—Failing to act competently—Failing to appear at disciplinary hearing.*

(No. 01-1202—Submitted August 28, 2001—Decided November 21, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-57.

————————————

*Per Curiam.*

{¶ 1} On August 14, 2000, relator, Cleveland Bar Association, filed a three-count complaint charging that respondent, Thomas P. Aldrich III of Lyndhurst, Ohio, Attorney Registration No. 0042451, violated several provisions of the Code of Professional Responsibility. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline ("board").

{¶ 2} Respondent failed to appear for two depositions and for the March 30, 2001 hearing before the panel. Based on evidence at the hearing, the panel found that in September 1998, Ingrid Pfeffer employed respondent to prepare a new will for her and to prepare and file a deed so that her house would be jointly owned by her and her son. Respondent drafted the new will and the deed, but in May 1999, Pfeffer discovered that the property at issue was now held in her name and that of her deceased father. Respondent admitted that he had made an error and promised to correct it at his own expense. However, respondent failed to correct the deed or respond to Pfeffer's numerous attempts to contact him.

{¶ 3} The panel further found that in 1995, respondent filed suit on behalf of a client against the city of Rocky River and the Rocky River Municipal Court. The case was dismissed on grounds of sovereign immunity. The Cuyahoga County

Court of Appeals affirmed the dismissal and imposed a sanction on respondent for pursuing a frivolous appeal. *Sarossy v. Sarossy* (Apr. 20, 1995), Cuyahoga App. No. 67493, unreported, 1995 WL 237131. In 1996, that court of appeals affirmed the trial court's imposition of sanctions on respondent for filing a suit for which there was no basis in existing law and which could not be supported by a good-faith argument for an extension, modification, or reversal of existing law. *Johnson v. Allen* (Feb. 15, 1996), Cuyahoga App. No. 68912, unreported, 1996 WL 65839.

{¶ 4} In addition, the panel found that in 1995, the appellate court affirmed the granting of a summary judgment motion that respondent had opposed. The court found that respondent's opposition to this motion contained "numerous uncertified, unauthenticated and immaterial documents" and that he failed to support his opposition in the trial court with the requisite evidentiary materials. *Nofel v. Bank of N. Am.* (Aug. 24, 1995), Cuyahoga App. No. 68636, unreported, 1995 WL 502530. Again in 1995, the appellate court affirmed a lower court decision granting summary judgment, finding that respondent failed to produce evidence on any issue for which he had the burden of production. *Lindow v. N. Royalton* (1995), 104 Ohio App.3d 152, 661 N.E.2d 253. Finally, in 1996, the appellate court affirmed Civ.R. 11 sanctions against respondent for failing to support with evidence his opposition to summary judgment. *Taylor v. Franklin Blvd. Nursing Home, Inc.* (1996), 112 Ohio App.3d 27, 677 N.E.2d 1212.

{¶ 5} The panel concluded that respondent's actions with respect to Pfeffer and his conduct in the *Sarossy, Johnson, Nofel, Lindow,* and *Taylor* cases violated DR 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law) and 6-101(A) (failing to act competently). The panel further found that respondent demonstrated a total disregard for the judicial system, and, by not even appearing at the hearing set on these disciplinary matters. The panel recommended that respondent be indefinitely suspended from the

practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 6} Having reviewed the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents and would disbar respondent.

—————————

*Rebecca A. Wistner* and *Maureen Sheridan Kenny,* for relator.

*Thomas P. Aldrich III, pro se*.

—————————