[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 240.]

OFFICE OF DISCIPLINARY COUNSEL *v*. FRANCE.

[Cite as *Disciplinary Counsel v. France*, 2002-Ohio-5945.]

*Attorneys at law—Misconduct—Permanent disbarment—Seriously neglecting two clients' cases—Repeatedly ignoring efforts to investigate misconduct—Recent suspension from the practice of law for overcharging a client.*

(No. 2002-1130—Submitted August 27, 2002—Decided November 13, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-79.

_____

**Per Curiam.**

{¶1} We are asked in this case to determine the sanction for an attorney who seriously neglected two clients' cases and then, despite having been disciplined recently for other serious misconduct, repeatedly ignored efforts to investigate the neglect. The Board of Commissioners on Grievances and Discipline found that respondent, John S. France of Toledo, Ohio, Attorney Registration No. 0014846, committed these acts and thereby violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 6-101(A)(1) (handling a legal matter that a lawyer is incompetent to handle) and (3) (neglecting an entrusted legal matter), and Gov.Bar R. V(4)(G) (failure to cooperate in the investigation of misconduct). The board recommended that respondent be permanently disbarred from the practice of law in Ohio. In view of the misconduct in this case, respondent's disciplinary record, and the fact that no compelling mitigating circumstances warrant a more lenient disposition, we agree that disbarment is appropriate.

**{¶2}** Prior to July 1997, respondent agreed to represent a client in her claim against a hospital for medical malpractice. The client signed a contingency fee agreement, and on July 31, 1997, respondent sent the hospital and an affiliated medical organization notice of intent to sue. Respondent never initiated the lawsuit, however, nor did he do anything to preserve his client's malpractice claim. In fact, respondent did little to develop the case. According to an affidavit attached to relator's motion for default, the statute of limitations elapsed, barring respondent's client's cause of action.

**{¶3}** In August 1999, respondent agreed to represent another client in a criminal case for $1,000. The client eventually pled guilty and was sentenced to two nine-year jail terms to run consecutively. The client asked respondent to appeal his conviction and challenge the imposition of the consecutive sentences. The client's grandmother paid respondent $200 for the appeal.

**{¶4}** Respondent filed his client's criminal appeal in March 2000. Over the succeeding several months, respondent requested and received three extensions of time in which to file a brief. Finally, on August 17, 2000, the court of appeals dismissed the client's appeal for failure to prosecute. On the same day, respondent contacted the client's grandmother and asked for another $200. The client's family later learned from the court that his appeal had been dismissed. Respondent did refund the money his client's family paid for the appeal.

**{¶5}** In August 2000, after the Toledo Bar Association received no response to two requests for information about a grievance submitted by respondent's client in the malpractice suit, the bar association transferred the matter to relator, Disciplinary Counsel. Relator investigated the allegations of respondent's professional misconduct in the criminal appeal as well as the malpractice case. With respect to the malpractice case, relator sent three certified letters of inquiry for which respondent or his wife signed, but to which respondent did not answer. With respect to the criminal case, relator sent two more certified letters of inquiry

to respondent: one to his office address, the second to the residential address that respondent had provided to the Attorney Registration Office. The certified receipt for the first letter was returned, but unsigned. The second letter came back unclaimed.

{¶6} Respondent eventually appeared for his deposition in February 2001. His testimony revealed that he actually had no clear idea how to determine the statute of limitations for his client's malpractice case. He also related that he had handled very few if any criminal appeals before agreeing to represent the client whose appeal was ultimately dismissed.

{¶7} Relator filed a complaint on October 8, 2001, charging respondent with violations of the Code of Professional Responsibility. Respondent was served with the complaint but did not answer, and relator filed a motion for default. A master commissioner assigned by the board reviewed the evidence, found the facts as stated, and concluded that respondent had violated the cited Disciplinary Rules.

{¶8} In recommending a sanction, the master commissioner considered as mitigating the fact that respondent had refunded some of the fees paid by the family of his criminal client and that he had appeared for his deposition. On the other hand, the master commissioner observed that respondent had recently received a two-year suspension from the practice of law, with reinstatement to be permitted during the second year on conditions, for charging fraudulent expenses to an incarcerated client. *Disciplinary Counsel v. France* (2001), 93 Ohio St.3d 169, 753 N.E.2d 202. The master commissioner also considered that respondent had engaged in a pattern of misconduct, that he had failed to cooperate with the disciplinary investigation, and that his clients both suffered from his neglect.

{¶9} The master commissioner recommended that respondent be indefinitely suspended from the practice of law. The board adopted the master commissioner's findings of misconduct, but it recommended permanent disbarment

based on respondent's "continuing pattern of misconduct and his disregard of the disciplinary system."

**{¶10}** We agree that respondent violated DR 1-102(A)(5), 6-101(A)(1) and (3), and Gov.Bar R. V(4)(G). We also agree that respondent should be disbarred.

**{¶11}** Just last year, we suspended respondent from practicing law because he took advantage of a particularly vulnerable client by overcharging her. *Disciplinary Counsel v. France,* supra, 93 Ohio St.3d 169, 753 N.E.2d 202. In that case, the overcharges bordered on misappropriation, an offense for which the sanction is presumptively disbarment. *Cleveland Bar Assn. v. Dixon*, 95 Ohio St.3d 490, 2002-Ohio-2490, 769 N.E.2d 816, ¶ 15. The offenses before us today involve similarly victimized clients, and respondent compounded the misconduct by ignoring repeated attempts to investigate his misconduct. And for all this, he offers neither explanation nor apology.

**{¶12}** No mitigating circumstance justifies leniency in this case. Accordingly, respondent is permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

————————————