TOLEDO BAR ASSOCIATION *v.* POMMERANZ.

[Cite as *Toledo Bar Assn. v. Pommeranz,*
102 Ohio St.3d 26, 2004-Ohio-1586.]

(No. 2003–1811—Submitted December 15, 2003—Decided April 14, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Melvin R. Pommeranz of Toledo, Ohio, Attorney Registration No. 0031840, was admitted to the Ohio bar in 1973. In *Toledo Bar Assn. v. Pommeranz* (1995), 72 Ohio St.3d 274, 649 N.E.2d 179, we suspended respondent's license to practice law for one year, staying the entire suspension on conditions, and ordered him to serve a one-year monitored probation for his neglect of three clients' cases. In *Toledo Bar Assn. v. Pommeranz* (2001), 93 Ohio St.3d 139, 753 N.E.2d 175, we suspended respondent's license for one year, staying six months of this sanction on conditions, and ordered him to serve another one-year probation for his neglect of another client's case. In *Toledo Bar Assn. v. Pommeranz*, 96 Ohio St.3d 1471, 2002-Ohio-4002, 772 N.E.2d 1205, we found respondent in contempt for his failure to comply with administrative requirements of our previous order.

{¶ 2} On November 15, 2002, relator, Toledo Bar Association, filed an amended complaint charging respondent with six counts of professional misconduct. Respondent was served with the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F)(2) relative to four of the six counts. A master commissioner appointed by the Board of Commissioners on Grievances and Discipline considered the motion, making findings of fact, conclusions of law, and a recommendation.

{¶ 3} As to the first count, evidence substantiated that a client retained respondent in September 2000 to represent him in connection with custody and support issues existing between the client and his ex-wife. In January 2001, the parties agreed at a hearing to an order resolving the dispute, and respondent promised to prepare and file a judgment entry to document the agreement. The client later learned that the entry had not been filed. When the client inquired of

respondent in March 2001, respondent told the client that the entry had been forwarded to the client's ex-wife's counsel, a statement that was not true. Arrearages in the client's child support payments accumulated due to respondent's delay, and respondent stopped returning the client's telephone calls. Eventually, the ex-wife's attorney prepared and filed the judgment entry.

{¶ 4} The master commissioner found that respondent had thereby violated DR 6–101(A)(3) (neglecting an entrusted legal matter), 7–101(A)(2) (failing to carry out a contract of professional employment), and 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

{¶ 5} As to a second count of misconduct, evidence substantiated that a married couple paid respondent $250 for his assistance in obtaining custody of their two grandchildren. Respondent promised to file a motion to obtain custody on his clients' behalf. Thereafter, the couple attempted unsuccessfully to contact respondent, finally reaching him in March 2001. At that time, respondent advised them that the custody case had been set for a pretrial conference on April 26, 2001. In fact, no pretrial conference had been scheduled because no custody motion had been filed.

{¶ 6} The master commissioner found that respondent had thereby violated DR 6–101(A)(3), 7–101(A)(2), and 1–102(A)(4).

{¶ 7} As to a third count, evidence substantiated that another client retained respondent in March 2001 to prepare a complaint for allocation of parental rights and responsibilities. The client paid respondent $650. Thereafter, respondent notified the client of modifications to the complaint and advised him that court dates had been scheduled for action on it. Neither of these representations was true. The client ultimately proceeded without legal counsel.

{¶ 8} The master commissioner found that respondent had thereby violated DR 6–101(A)(3), 7–101(A)(2), and 1–102(A)(4).

{¶ 9} As to a fourth count of misconduct, evidence substantiated that another couple retained respondent to pursue an adoption, paying him a $500 retainer and $180 for court costs. Respondent later represented to these clients that he had filed a motion for change in disposition of permanent custody and that hearings on the motion had been scheduled for March 15 and April 25, 2001. Thereafter, respondent reported to his clients that the March 15 hearing had been cancelled. They discovered, however, that he had not filed the custody motion. And when his clients appeared on April 25, they found that no hearing had been scheduled. The clients requested a refund in a letter that respondent received by certified mail in September 2001, but he has not returned his clients' money.

{¶ 10} The master commissioner found that respondent had thereby violated DR 6–101(A)(3), 7–101(A)(2), 1–102(A)(4), and 9–102(B)(4) (failing to return funds

a client is entitled to receive). Moreover, because respondent failed to respond to investigative inquiries concerning this misconduct, the master commissioner also found respondent in violation of Gov.Bar R. V(4)(G) (failing to cooperate in disciplinary proceedings).

{¶ 11} The master commissioner recommended disbarment, noting that there was no proof of mitigating circumstances in the record. See Section 10(B)(2) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. The board adopted the master commissioner's findings and recommendation.[1]

{¶ 12} We agree that respondent violated Gov.Bar R. V(4)(G) and DR 6–101(A)(3), 7–101(A)(2), 1–102(A)(4), and 9–102(B)(4) with respect to the preceding clients. We also adopt the recommendation to disbar.

{¶ 13} When attorneys engage in a pattern of neglect and fail to cooperate in an ensuing disciplinary investigation, the misconduct ordinarily warrants an indefinite suspension. *Akron Bar Assn. v. Snyder* (1999), 87 Ohio St.3d 211, 212, 718 N.E.2d 1271; *Disciplinary Counsel v. Henderson* (1999), 87 Ohio St.3d 219, 221, 718 N.E.2d 1277; *Warren Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488, 490, 683 N.E.2d 1148. However, when an attorney has seriously neglected clients' cases, has repeatedly deceived clients, has ignored investigative inquiries and resulting disciplinary proceedings, has been disciplined before for other serious misconduct, and has presented no mitigating evidence to justify leniency, the appropriate sanction is disbarment. *Disciplinary Counsel v. France,* 97 Ohio St.3d 240, 2002-Ohio-5945, 778 N.E.2d 573.

{¶ 14} Accordingly, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

James E. Brazeau and Gordon R. Barry, for relator.

---

1. The board further found, based on the master commissioner's report, that respondent had additionally engaged in misconduct relative to the remaining two counts in the complaint. However, relator did not move for default on these counts and presented no evidence to substantiate them. We reject these findings pursuant to our independent review and final authority in disciplinary cases. *Ohio State Bar Assn. v. Reid* (1999), 85 Ohio St.3d 327, 708 N.E.2d 193, paragraph one of the syllabus.