CUYAHOGA COUNTY BAR ASSOCIATION *v.* ALDRICH.

[Cite as *Cuyahoga Cty. Bar Assn. v. Aldrich,*
104 Ohio St.3d 159, 2004-Ohio-6407.]

(No. 2004–0433—Submitted August 17, 2004—Decided December 8, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Thomas P. Aldrich III, last known address in Lyndhurst, Ohio, Attorney Registration No. 0042451, was admitted to the practice of law in Ohio in 1989. On November 21, 2001, we indefinitely suspended respondent's license to practice for his neglect of client matters and other improprieties in cases he was involved in from 1995 through 1999 and for failing to appear at his disciplinary hearing. *Cleveland Bar Assn. v. Aldrich* (2001), 93 Ohio St.3d 625, 758 N.E.2d 180. On October 17, 2002, we cited respondent for contempt because he had failed to surrender his certificate of admission and attorney registration card and file an affidavit stating that he was in compliance with our November 21, 2001 order. *Cleveland Bar Assn. v. Aldrich,* 97 Ohio St.3d 1407, 2002–Ohio–5557, 776 N.E.2d 1123.

{¶ 2} On December 9, 2002, relator, Cuyahoga County Bar Association, charged respondent with additional violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause on September 26, 2003, but respondent, who had answered the complaint and been served with notice of the hearing, did not appear. The panel made findings of misconduct that, with the exception of DR 1–102(A)(1), which simply bars an attorney from violating a Disciplinary Rule, the board adopted. The panel recommended that respondent be disbarred; however, the board rejected that sanction as too severe and recommended that he be indefinitely suspended.

## Misconduct

{¶ 3} The board found that in May 2001 a client hired respondent to represent her in a divorce and soon thereafter paid respondent $130 for a filing fee and $200 ($100 in cash and $100 by check) as a retainer. From June through August, the client made repeated unsuccessful attempts to contact respondent. When she finally did reach respondent in September 2001, he told her that he had lost the $100 check that she had given him. The client then sent respondent a money order to replace the lost check.

{¶ 4} During October and November 2001, the client made many more attempts to contact respondent and again had no success. The client ultimately sent respondent a letter demanding that he call her by November 30, 2001, and that he either return her money or proceed with her case. According to the client, respondent did not contact her and did not work on her case or refund the filing and legal fees she had paid. The client later hired another attorney, who was successful in obtaining her divorce.

{¶ 5} Respondent submitted with his answer to the complaint a copy of a letter that he had purportedly sent to his client on December 9, 2001. In it, respondent claimed to be enclosing the $100 money order and explained that he could no longer represent the client. The letter further stated that respondent was unable to return the additional $230 he owed her but advised that the client's sister owed him over $200 for his representation in her divorce and suggested that the client collect the money from her sister. At the hearing before the panel, the client attested that she had never received this letter or the money order, and her sister attested that although respondent had handled her divorce, she did not owe him any money.

{¶ 6} The board found, by clear and convincing evidence, that in representing this client, respondent had violated DR 2–110(A)(3) (requiring an attorney to promptly return unearned fees upon withdrawal from professional employment), 1–102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(6) (barring conduct that adversely reflects on an attorney's fitness to practice law), 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter), 7–101(A)(2) (prohibiting an attorney from intentionally failing to carry out a contract for professional employment), and 7–101(A)(3) (prohibiting an attorney from intentionally causing a client damage or prejudice).

## Sanction

{¶ 7} Considering the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."), the board found respondent's disciplinary record to be an aggrava-

ting factor. BCGD Proc.Reg. 10(B)(1)(a). And because respondent had failed to attend the hearing in this case, the board found his failure to cooperate to be an aggravating factor. BCGD Proc.Reg. 10(B)(1)(e). The board did not find any evidence to mitigate respondent's misconduct.

{¶ 8} The panel recommended, consistent with relator's suggestion, that respondent be permanently disbarred. The board, however, recommended that respondent receive an indefinite suspension from the practice of law and that this suspension be served consecutively to respondent's current indefinite suspension.

{¶ 9} We agree that respondent violated DR 2–110(A)(3), 1–102(A)(4), 1–102(A)(6), 6–101(A)(3), 7–101(A)(2), and 7–101(A)(3), as found by the board. We, however, believe that disbarment is the appropriate sanction.

{¶ 10} Respondent did not earn the $200 that his client paid him for legal fees, and there is no evidence that he filed anything in her case that would explain the use of the $130 she gave him for filing fees. Respondent admitted in his answer that he had none of the money left, so obviously he had spent it. Misappropriation coupled with neglect of a client's interests typically warrants disbarment. *Cleveland Bar Assn. v. Glatki* (2000), 88 Ohio St.3d 381, 384, 726 N.E.2d 993. Moreover, respondent's transgressions are exacerbated by his prior conduct, which resulted in an indefinite suspension, and by his refusal to participate in disciplinary proceedings. *Disciplinary Counsel v. France,* 97 Ohio St.3d 240, 2002–Ohio–5945, 778 N.E.2d 573.

{¶ 11} Accordingly, respondent is permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

Moyer, C.J., Resnick, Pfeifer, Lundberg Stratton, O'Connor and O'Donnell, JJ., concur.

F.E. Sweeney, J., dissents and would suspend respondent indefinitely.

---

Justin F. Madden and Ellen S. Mandell, for relator.

Thomas P. Aldrich III, pro se.