CUYAHOGA COUNTY BAR ASSOCIATION *v.* GRIFFIN.

[Cite as *Cuyahoga Cty. Bar Assn. v. Griffin,* 112 Ohio St.3d 550, 2007-Ohio-810.]

(No. 2006–1927—Submitted December 13, 2006—Decided March 14, 2007.)

———————

**Per Curiam.**

{¶ 1} Respondent, Willie Louis Griffin of Cleveland, Ohio, Attorney Registration No. 0038051, was admitted to the Ohio bar in 1987. In 2000, we imposed a stayed 18–month suspension on respondent for his violation of DR 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law), 6–101(A)(3) (prohibiting neglect of an entrusted legal matter), 7–101(A)(2) (requiring a lawyer to carry out a contract of employment), 9–102(A)(2) (requiring a

lawyer to maintain client funds in a separate, identifiable bank account), 9–102(B)(3) (requiring a lawyer to maintain complete records and appropriate accounts), and 9–102(B)(4) (requiring prompt payment of the client's funds or other properties in the lawyer's possession), as well as Gov.Bar R. V(4)(G) (requiring lawyers to cooperate with and assist in any disciplinary investigation). *Cuyahoga Cty. Bar Assn. v. Griffin* (2000), 90 Ohio St.3d 307, 737 N.E.2d 1282.

{¶ 2} On April 18, 2005, relator, Cuyahoga County Bar Association, filed a complaint charging respondent with additional professional misconduct. Respondent filed an answer to the complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in June 2006. The panel then prepared written findings of fact and conclusions of law, which the board adopted, as well as a recommended sanction, which the board modified.

## Misconduct

{¶ 3} The panel found that relator failed to present clear and convincing evidence to support the disciplinary violations alleged in Counts I, III, and IV of the complaint, and the panel therefore dismissed those counts under Gov.Bar R. V(6)(H). We now consider the evidence presented in support of the remaining allegations in the complaint.

### Count II

{¶ 4} Charles Dalton executed a durable power of attorney in November 2002 naming respondent as his attorney in fact. Respondent then signed Dalton's name to at least 13 checks drawn on Dalton's account.

{¶ 5} In January 2003, the power of attorney was revoked by Dalton's sister, who was appointed guardian of Dalton by the Cuyahoga County Probate Court. The guardian's attorney repeatedly requested an accounting from respondent of the funds that had been disbursed from Dalton's account, but respondent failed to comply with those requests.

{¶ 6} The guardian's attorney then asked the probate court to order respondent to turn over any documents related to Dalton's care and financial affairs. Respondent failed to appear at a court hearing on the guardian's motion for an accounting, and he also failed to appear for a deposition after the guardian filed an adversary proceeding alleging that respondent had concealed Dalton's assets.

{¶ 7} In October 2003, the probate court issued a judgment against respondent, finding that he had misused Dalton's assets and awarding a judgment against respondent in the amount of $5,722, plus interest and costs, including $1,000 for special-process and expert fees. The Clients' Security Fund paid $5,722 to Dalton's estate after he died.

{¶ 8} The board found that respondent's actions violated DR 1–102(A)(5) (barring conduct that is prejudicial to the administration of justice) and 1–102(A)(6).

## Sanction

{¶ 9} Relator recommended that respondent be indefinitely suspended from the practice of law. The panel recommended that respondent be suspended for two years, with the final 12 months of the suspension stayed on two specified conditions. The board issued the same recommendation but removed one of the conditions for the stayed portion of the suspension. Respondent has filed no objections to the board's findings or its recommendation.

{¶ 10} We have reviewed the board's report and the record, and we find that respondent violated all of the provisions as described above. We conclude, however, that a more severe sanction than the board recommended is warranted for respondent's misconduct.

{¶ 11} In imposing a sanction for attorney misconduct, we consider the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The aggravating factors in this case include respondent's prior disciplinary offenses and his initial failure to cooperate with the disciplinary process. BCGD Proc.Reg. 10(B)(1)(a) and (e).

{¶ 12} One mitigating factor identified by the board in this case was respondent's difficulty in seeing due to the eye disease known as macular degeneration.

{¶ 13} After weighing the aggravating and mitigating factors in this case, we conclude that respondent should be suspended from the practice of law for two years. The Cuyahoga County Probate Court found that respondent had "conceal[ed] or convey[ed] away assets" belonging to Charles Dalton. Respondent compounded that misconduct by failing to account for the funds that he withdrew from Dalton's account and by failing to appear at a court hearing and a deposition related to his misconduct. Whether Dalton was in fact a client of respondent's or not, respondent certainly had a duty as a member of the bar to cooperate and provide all relevant information when Dalton's guardian questioned respondent's expenditure of Dalton's funds. Respondent's actions showed a lack of respect for the probate court, for other attorneys, and for the justice system as a whole. In light of the similarity between the misconduct in this case and some of the misconduct committed by respondent in his earlier disciplinary case, we conclude that a full two-year suspension for this latest misconduct is warranted.

{¶ 14} We have imposed a similar sanction in other cases. See, e.g., *Muskingum Cty. Certified Grievance Commt. v. Greenberger*, 108 Ohio St.3d 258, 2006-

Ohio-790, 842 N.E.2d 1042 (imposing a two-year suspension, with the final six months stayed, when an attorney who had no history of disciplinary problems failed to appear at a court hearing, neglected several legal matters, placed a client's funds in his office operating account, and failed to account for a client's funds); *Disciplinary Counsel v. France* (2001), 93 Ohio St.3d 169, 753 N.E.2d 202 (attorney's mishandling of a client's trust-fund account warranted a two-year suspension from the practice of law).

{¶ 15} Accordingly, respondent is hereby suspended from the practice of law for two years. Respondent is also ordered to reimburse the Clients' Security Fund within 90 days of the date of this order for the money it paid to the estate of Charles Dalton. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

CUPP, J., not participating.

———————

Ellen S. Mandell, Bar Counsel; and Van Aken, Withers & Webster and Stephen D. Webster, for relator.

James L. Hardiman, for respondent.