DISCIPLINARY COUNSEL *v.* TRIEU.

[Cite as *Disciplinary Counsel v. Trieu,* 132 Ohio St.3d 288, 2012-Ohio-2714.]

*Attorneys—Misconduct—Multiple violations of Texas Disciplinary Rules of Professional Conduct, including neglecting entrusted legal matters, failing to promptly refund any unearned fee upon withdrawal from representation of a client, and  dishonesty, fraud, deceit, or misrepresentation—Indefinite suspension.*

(No. 2011-2034—Submitted January 18, 2012—Decided June 20, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-067.

_____

**Per Curiam**.

{¶ 1} Respondent, Vinh Chi Trieu of Houston, Texas, Attorney Registration No. 0076557, was admitted to the practice of law in Ohio in 2003.  In August 2007, Trieu accepted an offer of employment from Tindall & Foster, P.C. (now known as FosterQuan, L.L.P.), an Austin, Texas law firm.  He is not licensed to practice law in Texas and consequently limited his practice to immigration law.  Trieu has stipulated and the board has found that during the course of that employment, he violated Texas Disciplinary Rules of Professional Conduct 1.01(b)(1) (prohibiting neglect of an entrusted legal matter), 1.15(d) (requiring a lawyer to promptly refund any unearned fee upon termination of the lawyer's representation), and 8.04(a)(3) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).  Therefore, the board recommends that we indefinitely suspend Trieu from the practice of law. We adopt the parties' stipulations and the board's findings of fact and misconduct in their entirety and indefinitely suspend Trieu from the practice of law in Ohio.

**Procedural History and Misconduct**

{¶ 2} Following an investigation conducted by relator, disciplinary counsel, Trieu filed a written notice waiving probable-cause review of relator's disciplinary complaint. The complaint charged Trieu with multiple violations of the Texas Disciplinary Rules of Professional Conduct arising from his handling of six separate client matters and his improper use of a firm credit card while he was practicing in Austin, Texas.

{¶ 3} As an attorney licensed in the state of Ohio, Trieu is subject to the disciplinary authority of this state regardless of where his conduct occurs. Prof.Cond.R. 8.5(a). And for any conduct that does not occur in connection with a matter pending before a tribunal, "the rules of the jurisdiction in which the lawyer's conduct occurred, or, if the predominant effect of the conduct is in a different jurisdiction, the rules of that jurisdiction shall be applied to the conduct." Prof.Cond.R. 8.5(b)(2).

{¶ 4} Relator's complaint was certified to the Board of Commissioners on Grievances and Discipline on July 27, 2011. The complaint charges Trieu with accepting retainers in six client matters, concealing those clients from his employer, and keeping their retainers for his own use. The complaint further alleges that Trieu used the firm's credit card to obtain cash advances for his own benefit and, in his expense reports, falsely attributed the transactions to a client of the firm.

{¶ 5} In his answer, Trieu admitted each of the allegations in relator's complaint. The parties later entered into stipulations of fact and misconduct.

{¶ 6} The panel appointed to hear the matter granted the parties' joint motion to waive a formal hearing and adopted the parties' stipulated findings of fact and misconduct. Those stipulations demonstrate that while employed by FosterQuan, L.L.P., Trieu accepted retainers from six immigration clients. He failed to complete a client data sheet or initiate other law-firm processes to obtain

client file numbers, open billing records, create physical files, or add four of those new clients to the case-management software system, thereby concealing his representation of those clients from his law firm.

{¶ 7} Trieu kept at least $20,495 of the retainers paid by these clients for himself. He altered one of the retainer checks to add himself as a payee and lied to two clients about the work that he had performed on their cases. Trieu stipulated that in several of the cases, he did not earn the full fee and did not refund the clients' retainers.

{¶ 8} Trieu also stipulated that he took four cash advances totaling $3,628 on a law-firm credit card. The transactions created another $108.84 in fees. He used those funds for personal expenses unrelated to any client representation, though he falsely attributed the cash advances and fees to a client on his law-firm expense reports. As of October 20, 2011, he had reimbursed his firm only $1,000.

{¶ 9} Based upon the stipulated facts, the parties agreed, and the panel and board found, that Trieu had neglected client matters, failed to promptly return unearned fees upon the termination of his representation, and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Texas Disciplinary Rules of Professional Conduct 1.01(b)(1), 1.15(d), and 8.04(a)(3). We also adopt the stipulations of fact and misconduct as submitted by the parties.

### Sanction

{¶ 10} In recommending a sanction, the board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. *See Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. As aggravating factors, the parties stipulated that Trieu acted with a selfish motive and engaged in a pattern of misconduct involving multiple offenses. *See* BCGD Proc.Reg. 10(B)(1)(b), (c), and (d). The board agreed but also found that Trieu's victims were vulnerable and were harmed by his conduct and that Trieu had failed

to make full restitution to them. *See* BCGD Proc.Reg. 10(B)(1)(h) and (i). Mitigating factors stipulated by the parties and found by the board include the absence of a prior disciplinary record and Trieu's cooperation in the disciplinary process. *See* BCGD Proc.Reg. 10(B)(2)(a) and (d).

**{¶ 11}** The parties have stipulated that an indefinite suspension from the practice of law is the appropriate sanction for Trieu's misconduct. We have previously stated that "[t]aking retainers and failing to carry out contracts of employment is tantamount to theft of the fee from the client," *Cincinnati Bar Assn. v. Weaver*, 102 Ohio St.3d 264, 2004-Ohio-2683, 809 N.E.2d 1113, ¶ 16, and that permanent disbarment is the presumptive sanction for such acts, *Disciplinary Counsel v. France*, 97 Ohio St.3d 240, 2002-Ohio-5945, 778 N.E.2d 573, ¶ 11. Nonetheless, citing Trieu's lack of a prior disciplinary record, his cooperative attitude in the disciplinary proceedings, and the partial restitution he made to his former law firm, the board agrees that the stipulated sanction of an indefinite suspension is appropriate here.

**{¶ 12}** We have previously imposed indefinite suspensions for attorneys who have misappropriated client funds in the presence of sufficient mitigating evidence. *See, e.g.*, *Disciplinary Counsel v. Squire*, 130 Ohio St.3d 368, 2011-Ohio-5578, 958 N.E.2d 914, ¶ 70. In the absence of a prior disciplinary record, and in light of Trieu's substantial cooperation in this disciplinary proceeding, we agree that an indefinite suspension is the proper sanction for Trieu's misconduct.

**{¶ 13}** Accordingly, we indefinitely suspend Vinh Chi Trieu from the practice of law in Ohio. Costs are taxed to Trieu.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Robert R. Berger, Senior Assistant Disciplinary Counsel, for relator.

Vinh Chi Trieu, pro se.

_____