LAKE COUNTY BAR ASSOCIATION *v.* ROZANC.

[Cite as *Lake Cty. Bar Assn. v. Rozanc,* **132 Ohio St.3d 114, 2012-Ohio-2408.**]

*Attorneys at law—Misconduct—Fraud—Conduct prejudicial to administration of justice—Indefinite suspension.*

(No. 2011-1735—Submitted December 7, 2011—Decided June 5, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-017.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Frank Rozanc of Eastlake, Ohio, Attorney Registration No. 0047173, was admitted to the practice of law in Ohio in 1990. On August 27, 2009, we suspended Rozanc's license to practice law for one year, with six months of the suspension stayed on conditions, for failing to diligently represent and properly communicate with a client serving as the executor of a decedent's estate. *Lake Cty. Bar Assn. v. Rozanc*, 123 Ohio St.3d 78, 2009-Ohio-4207, 914 N.E.2d 192. And in November 2009, we imposed an attorney-registration suspension for his failure to register for the 2009-to-2011 biennium. *In re Attorney Registration Suspension of Rozanc*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256. Both suspensions remain in effect.

**{¶ 2}** In a February 14, 2011 complaint, relator, Lake County Bar Association, alleged that while serving as the executor of the estate of Richard L. Kariher, Rozanc had been found to have committed a fraud upon the probate court and to have concealed assets of the estate. These findings were based upon Rozanc's submission of a final accounting to the probate court that falsely stated that he had distributed $19,228.28 to the guardian of the estate's sole beneficiary. He had attached a receipt acknowledging receipt of the distribution that purported

to have been signed by the guardian of the beneficiary, but the signature was a forgery. After the forgery came to light, relator alleged, Rozanc tendered a check to the guardian, but it was returned unpaid with a notation that the bank was unable to locate the account on which it was drawn.

{¶ 3} Although the complaint was served at the business address Rozanc has registered with this court, he failed to file an answer, and relator moved for default.

{¶ 4} A master commissioner appointed by the Board of Commissioners on Grievances and Discipline found that relator had proved the allegations in its complaint by clear and convincing evidence and that Rozanc's conduct violated Prof.Cond.R. 8.4(a) (prohibiting a lawyer from violating or attempting to violate the Ohio Rules of Professional Conduct), (b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), (c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and (d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). The board adopted the master commissioner's findings of fact and misconduct, and so do we.

{¶ 5} Based upon these findings of fact and misconduct, the board recommends that we indefinitely suspend Rozanc from the practice of law in Ohio.

{¶ 6} In imposing a sanction for attorney misconduct, we consider the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. *See Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. The board found only one mitigating factor—that Rozanc has paid restitution to the beneficiary as ordered by the probate court. *See* BCGD Proc.Reg. 10(B)(2)(c). As aggravating factors, the board found that Rozanc acted with a dishonest and selfish motive, engaged in a pattern of misconduct, failed to

acknowledge the wrongful nature of his conduct, and caused harm to the vulnerable beneficiary of the decedent's estate. *See* BCGD Proc.Reg. 10(B)(1)(b), (c), (g), and (h). In addition to these factors, we also find that Rozanc has a prior disciplinary record and has failed to cooperate in the disciplinary process. *See* BCGD Proc.Reg. 10(B)(1)(a) and (e).

{¶ 7} We previously imposed an indefinite suspension on an attorney who neglected a probate estate, concealed its assets, and then compounded his misconduct by failing to cooperate in the disciplinary process. *Disciplinary Counsel v. Saumer*, 86 Ohio St.3d 312, 314, 715 N.E.2d 124 (1999). Therefore, we agree with the board's recommendation that an indefinite suspension is warranted in this case.

{¶ 8} Accordingly, Frank Rozanc is indefinitely suspended from the practice of law in Ohio. Costs are taxed to Rozanc.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

James P. Koerner, for relator.

_____