**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbiana Cty. Bar Assn. v. Barborak,* **Slip Opinion No. 2016-Ohio-8167.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8167

COLUMBIANA COUNTY BAR ASSOCIATION *v.* BARBORAK.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbiana Cty. Bar Assn. v. Barborak,* Slip Opinion No. 2016-Ohio-8167.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Permanent disbarment.*

(No. 2016-0853—Submitted August 30, 2016—Decided December 19, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-030.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Virginia Mary Barborak of Lisbon, Ohio, Attorney Registration No. 0068601, was admitted to the practice of law in Ohio in 1997.

**{¶ 2}** In a second amended complaint filed with the Board of Professional Conduct on July 20, 2015, relator, Columbiana County Bar Association, alleged that Barborak violated multiple professional-conduct rules in four separate probate

matters. Specifically, the complaint alleged that she failed to hold funds belonging to the probate estates in an interest-bearing trust account separate from her own property, failed to maintain required records documenting the funds entrusted to her, and falsified bank statements and probate accountings to conceal her misappropriation of entrusted funds.

{¶ 3} The parties submitted stipulations of fact, rule violations, aggravating and mitigating factors, and exhibits. They jointly recommended that Barborak be suspended from the practice of law for two years for her misconduct. A panel of the board heard Barborak's testimony and made findings of fact, misconduct, and aggravating and mitigating factors that are consistent with the parties' stipulations. But the panel recommended that Barborak be indefinitely suspended from the practice of law in Ohio. The board adopted the panel report in its entirety.

{¶ 4} Barborak objects to the board's finding and consideration of a discrepancy between her hearing testimony and a statement her counsel made during a posthearing telephone conference with the panel chairperson as additional evidence of her pattern of dishonesty. We overrule her objection and adopt the board's findings of fact and misconduct. We find, however, that Barborak's misconduct warrants her permanent disbarment from the practice of law in Ohio.

**Misconduct**

{¶ 5} At various times beginning in 2006 through 2015, Barborak was entrusted with four unrelated probate matters and served as either a court-appointed fiduciary or counsel for a court-appointed fiduciary. The parties entered into detailed stipulations of fact regarding Barborak's misconduct in each of these matters, and the board's findings of facts are consistent with those stipulations. We incorporate the parties' stipulations by reference and summarize her misconduct below.

{¶ 6} In October 2009, Barborak began to misappropriate significant sums of money belonging to three probate estates and a testamentary trust by

2

withdrawing the money and issuing checks from her client trust account and several other accounts without authorization. She used those funds not only to pay herself and her personal and business expenses but also to make disbursements on behalf of other clients—including other estates. Barborak stipulated that the balances in her accounts were often significantly less than the amounts that she should have held on behalf of her clients. And she admits that at one time, her client trust account held just $11,709.26 when, but for her unauthorized withdrawals, it should have held $171,481.76 in client funds—a deficiency of nearly $160,000. She also deposited two checks that she had received from her brother—$121,500 in all—into her client trust account.

{¶ 7} Barborak did not maintain adequate records regarding the funds she held and disbursed on behalf of her clients. Nor did she did timely file required accounts with the probate courts overseeing the relevant matters. And the few reports she actually filed were replete with false statements designed to mislead and misinform the probate courts. Moreover, Barborak altered 18 months of bank records by adding $82,000 or $103,000 to the actual balance of each statement to make it appear that the funds entrusted to her remained in her client trust account. She then submitted those records to the Trumbull County Probate Court in April 2015 with the intent to mislead and misinform the court.

{¶ 8} The parties stipulated and the board found that Barborak's conduct charged in each of the four counts violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold funds belonging to a client or third party in a client trust account separate from the lawyer's own property and to maintain certain records regarding the funds held in that account), 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), 3.3(a)(3) (prohibiting a lawyer from knowingly offering evidence that the lawyer knows to be false), 8.4(a) (prohibiting a lawyer from violating or attempting to violate the Ohio Rules of Professional Conduct), 8.4(c) (prohibiting a lawyer from engaging in conduct involving

dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice). Citing the scope and extent of Barborak's misappropriations and its finding that her multiple misstatements to tribunals constitute a troubling pattern of dishonesty by a lawyer, the board agreed with the parties' stipulation that her conduct was so egregious as to warrant a finding that she violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). *See Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21.

{¶ 9} We adopt the board's findings of fact and misconduct.

**Sanction**

{¶ 10} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, relevant aggravating and mitigating factors, and the sanctions imposed in similar cases. *See* Gov.Bar R. V(13)(A).

{¶ 11} The parties stipulated and the board agreed that Barborak acted with a dishonest or selfish motive, engaged in a pattern of misconduct, and committed multiple offenses. *See* Gov.Bar R. V(13)(B)(2), (3), and (4). The panel and board also found that Barborak's pattern of dishonesty continued at the hearing. At the panel hearing, she testified, "I have a few cases that I'm winding up, but I am—have removed myself from the practice of law due to stress and so forth," and again reiterated, "I have voluntarily removed myself from the practice of law." Yet the panel noted that five months later, her attorney registration remained active and Barborak's counsel confirmed that she continued to practice law during a posthearing telephone conference with the panel chairperson.

{¶ 12} The parties stipulated and the board found that relevant mitigating factors include the absence of a prior disciplinary record and Barborak's reputation for significant community involvement. *See* Gov.Bar R. V(13)(C)(1) and (5). The

board noted that Barborak has received counseling for a depressive disorder since 2012 and entered into a three-year contract with the Ohio Lawyers Assistance Program on March 26, 2015. But the board declined to consider these facts as mitigation because Barborak presented no evidence that the disorder contributed to her misconduct and no prognosis that she will be able to resume the competent, ethical, and professional practice of law. *See* Gov.Bar R. V(13)(C)(7). And although the parties' stipulated that Barborak has made full restitution in each of the matters giving rise to this disciplinary matter, the board did not consider this to be a mitigating factor. *See* Gov.Bar R. V(13)(C)(3). The board also expressed its concern that it was unable to determine whether any other clients or beneficiaries had been harmed by Barborak's misconduct because she failed to keep proper records regarding the funds entrusted to her and neither her counsel nor a third-party auditor were able to determine a true balance in each matter.

{¶ 13} The board rejected the parties' recommended sanction of a two-year suspension in light of Barborak's six-year pattern of dishonesty; her misappropriation of substantial client funds; her submission of intentionally false, misleading, and forged documents to tribunals on multiple occasions; the representations Barborak and her counsel have made about Barborak's ongoing practice of law, which are, at best, inconsistent; and her poor recordkeeping, which has rendered it impossible to determine whether any additional clients have been harmed by her conduct. Instead, the board recommended that Barborak be indefinitely suspended from the practice of law in Ohio. In addition to the requirements for reinstatement to the practice of law set forth in Gov.Bar R. V(25)(D), the board recommended that Barborak be required to (1) prepare and submit a full accounting and reconciliation of her current and former client trust accounts and make full restitution to any clients who are found to be owed restitution as a result of that accounting and reconciliation, (2) submit proof that she has established an office accounting system to accurately track receipts and

disbursements of client funds, fees, loans, and expenses, (3) submit certification from a qualified health-care professional that she is fit to resume the competent, ethical, and professional practice of law, and (4) work and cooperate with a monitoring attorney assigned by relator for a period of time and subject to conditions to be determined during her reinstatement proceeding.

{¶ 14} In support of this recommendation, the board notes that the presumptive sanction for misappropriation is disbarment but that the sanction may be tempered with sufficient evidence of mitigating or extenuating circumstances. *See*, *e.g.*, *Dayton Bar Assn. v. Gerren*, 103 Ohio St.3d 21, 2004-Ohio-4110, 812 N.E.2d 1280, ¶ 14. The board also cites five cases in which we have indefinitely suspended attorneys who misappropriated client funds or submitted falsified documents or statements to courts. *See Cleveland Metro. Bar Assn. v. McElroy*, 140 Ohio St.3d 391, 2014-Ohio-3774, 18 N.E.3d 1191 (attorney submitted a false affidavit to a court, was convicted on felony counts of forgery and tampering with evidence, and did not correct false statements about his prior criminal record made by his counsel at his sentencing hearing); *Disciplinary Counsel v. Leksan*, 136 Ohio St.3d 85, 2013-Ohio-2415, 990 N.E.2d 591 (attorney commingled personal and client funds, repeatedly misappropriated client funds, and failed to maintain required records of the funds held in his client trust account); *Lake Cty. Bar Assn. v. Rozanc*, 132 Ohio St.3d 114, 2012-Ohio-2408, 969 N.E.2d 1187 (attorney who had a prior disciplinary record concealed estate assets, committed a fraud upon the probate court while serving as executor of an estate, and failed to respond to the resulting disciplinary complaint); *Akron Bar Assn. v. Smithern*, 125 Ohio St.3d 72, 2010-Ohio-652, 926 N.E.2d 274 (attorney was convicted of felony theft for converting the retainer fees of more than 30 clients by depositing them into her personal account rather than her firm's trust account); *Disciplinary Counsel v. Bandman*, 125 Ohio St.3d 503, 2010-Ohio-2115, 929 N.E.2d 442 (attorney

misappropriated more than $60,000 from a family trust for which he served as trustee and concealed his actions from his client).

{¶ 15} Barborak accepts the board's recommended sanction. She objects, however, to the board's finding that she continued to engage in dishonesty at the hearing—a finding rooted in the discrepancy between Barborak's December 2015 testimony that she had removed herself from the practice of law and her counsel's May 2016 representation to relator and the panel chairperson that she continued to practice law. Barborak asserts that her counsel would not have been able to confirm that she continued to practice law because he had no firsthand knowledge of her activities and that her own testimony merely conveyed that she was not accepting any new cases and was winding up her practice in anticipation of her suspension. Although Barborak did testify that she was winding up her practice, she also plainly twice stated that she had "removed" herself from the practice of law; however, she had not done so. Therefore, even if we were to completely disregard counsel's representation to the panel chairperson, there is ample evidence that Barborak's pattern of deception was ongoing. We therefore overrule her objection.

{¶ 16} Given Barborak's lengthy and disturbing pattern of failing to maintain records of client funds entrusted to her, misappropriating client funds, and intentionally submitting false and fraudulent documents to the courts of this state— which are more serious and more pervasive than the cases cited in support of the recommended indefinite suspension—we conclude that permanent disbarment is the only appropriate sanction in this case.

{¶ 17} Accordingly, Virginia Mary Barborak is permanently disbarred from the practice of law in Ohio. Costs are taxed to Barborak.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Timothy A. Barry, for relator.

John B. Juhasz, for respondent.

_____